Melvin PHAUP, Appellant,

v.

Vernon BOSWELL, Appellee.

No. 01–86–00831–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 30, 1987.

Jeffrey W. Gillespie, Houston, for appellant.

*Jimmy Griffin,* Houston, for appellee.

Before JACK SMITH, COHEN and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a judgment entered on jury answers to special issues in favor of appellee, Vernon Boswell, awarding actual damages of $2,000 plus interest against appellant, Melvin Phaup, in a negligence action. Appellant asserts four points of error.

On October 12, 1982, at approximately 11:30 p.m., the parties were involved in an automobile collision in Pasadena, Texas. Both parties were proceeding north on South Richey Road, which has two lanes in each direction, when Phaup attempted to make a right turn from the inside lane and struck Boswell's vehicle. Boswell filed suit, alleging negligence and seeking property damages against Flower Box, Inc., the owner of Phaup's vehicle, and Phaup, individually. Boswell alleged that Phaup was acting in the course and scope of his employment with Flower Box, Inc., of which he was president, at the time of the accident.

Phaup counterclaimed for property damage and personal injuries, contending that Boswell was negligent by driving in the right lane. He claimed that the right lane was closed for construction at the time of the collision, as was evidenced by the presence of barricades placed at appropriate intervals. He contended that a reasonable and prudent person would not have operated his vehicle in such a lane. Whether the right lane contained barricades at the time of the accident was an issue strongly disputed between the parties.

In response to special issues, the jury found that Phaup's negligence was the proximate cause of the collision and awarded Boswell the difference between the market value of his vehicle before and after the collision. The jury also found that Boswell was not negligent and that Phaup was due nothing in compensation for his damages.

By his first point of error, appellant asserts that the trial court erred in making an improper comment on the weight of the evidence that was unduly prejudicial and harmful.

Dennis Spradlin, a police officer who investigated the collision and prepared an accident report, was called by the appellee to testify. On cross-examination, he stated that his accident report did not indicate that the right lane was under construction at the time of the accident, but that he independently recalled that there were no barricades present in the roadway that night.

 The trial judge, following a discussion with appellant's counsel regarding

the latter's continued questioning of the officer about his independent recall of the road conditions in the right lane that night, commented as follows:

> I think he remembers quite well, considering the number of accidents he's investigated, and the period of time.

Appellant immediately objected to the statement as an improper comment on the weight of the evidence and asked that the jury be advised not to rely on it. The judge did not rule on counsel's objection or instruct the jury to disregard the remark. Because appellant failed to obtain a ruling on his objection, any error is waived. The general rule is that the record must not only show that the appellant requested relief in the trial court but that the trial court made an adverse ruling thereon. *City of Jacksonville v. Hill-Tex Communications, Inc.*, 613 S.W.2d 76, 78 (Tex.Civ.App.—Tyler 1981, no writ). Appellant's first point of error is overruled.

By his second and third points of error, the appellant asserts that the trial court erred in excluding the testimony of a lay witness.

During trial, the appellant called Clarence Keever to testify to the nature and extent of the disputed road conditions at the location and at the general time of the accident on South Richey Road. The appellee objected on the basis of surprise and failure of the appellant to identify the witness in answers to appellee's interrogatories. The trial court sustained the objection and ruled the evidence inadmissible, based on appellant's failure to provide the requested information.

The text of appellee's interrogatory and appellant's response in issue was as follows:

> Q: Are you aware of any witness to the collision or the events immediately preceding or following? If so, state the name, address, telephone number of all witnesses known to you.
>
> A: NONE.

The above interrogatory clearly inquired only of witnesses to the collision itself or the events preceding or following it. It did not ask, as permitted by Tex.R.Civ.P. 166–A(d), of the identity and location of any potential party or persons having knowledge of relevant facts.

■ Clarence Keever was not a witness who saw the collision or the events immediately preceding or following it. Therefore, it was not incumbent upon appellant either to provide Keever's name in response to appellee's interrogatory or to include it later in a supplement to his original response. Appellant was entitled to call Keever as a competent fact witness to testify to the condition of the roadway over an extended period of time.

Appellant has properly preserved the excluded testimony by bill of exception. The evidence was relevant and probative, and good cause existed for admitting it since the issue of the condition of the road was crucial to the outcome of the case. The trial court erred in excluding the proffered testimony.

In oral arguments before this Court, appellee contends for the first time that even if the exclusion of the testimony was error, we cannot find that it was reversible error because appellant filed only a partial statement of facts.

Under Tex.R.App.P. 53(d), a partial statement of facts may be requested by the appellant. If such a statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts. Appellee could have requested any additional portions of the statement of facts pertaining to the contested issues; and since he failed to do so, we must presume nothing is omitted from the record concerning those issues. We conclude that the exclusion of the lay witness' testimony by the trial court amounted to a denial of appellant's rights as was reasonably calculated to, and probably did, lead to the rendition of an improper judgment. Tex.R.App.P. 81(b)(1). Appellant's second and third points of error are sustained.

By his fourth point of error, appellant asserts that the trial court erred in failing to submit his requested special issue on

comparative negligence, which he tendered in writing in substantially correctly worded form.

 The record reflects that the trial court denied in writing appellant's requested special issue on comparative negligence. The trial court has a duty to submit all controverted ultimate fact issues raised by the pleadings and supported by the evidence. *Grundmeyer v. McFadin*, 537 S.W.2d 764, 773 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). Tex.R.Civ.P. 277, 279.

 In the instant case, the appellant and appellee each contended that the other was negligent, and there was evidence presented from which the jury could have concluded that both parties were negligent. Therefore, the trial court erred in refusing to submit appellant's requested issue. However, since special issues were submitted to the jury separately inquiring of each party's negligence, and the jury failed to find any negligence on the part of the appellee, but did find that the appellant was negligent, the error by the trial court in refusing the tendered and correctly worded comparative negligence issue was harmless. Appellant's fourth point of error is overruled.

The judgment is reversed, and the cause is remanded to the trial court.