**Stanley GALVIN, et al., Appellants,**

v.

**GULF OIL CORPORATION, et al., Appellees.**

**No. 05–87–01176–CV.**

Court of Appeals of Texas, Dallas.

Aug. 30, 1988.

Rehearing Denied Oct. 18, 1988.

R. Jack Ayres, Jr., Thomas V. Murto, III, and Diane F. Walker, Dallas, for appellants.

Corbet F. Bryant, Jr. and Joe Riddles, Dallas, for appellees.

Before HOWELL, HECHT and LAGARDE, JJ.

LAGARDE, Justice.

Appellants, Stanley Galvin and Dorothy Galvin, individually and as next friends of David Allen Galvin, and David Allen Galvin, individually, appeal a take-nothing judgment against Gulf Oil Corporation and T.M.M., Inc. d/b/a Majik Market (TMM). In two points of error, appellants contend: (1) that the trial court committed reversible error by permitting Gulf to present a surprise expert witness who had not previously been identified in response to interrogatories; and (2) that the trial court committed reversible error by prohibiting the appellants' rebuttal witness from fully testifying about the results of scientific, demonstrable tests and his conclusion regarding the coefficient of friction and surface condi-

tions of the accident site. We disagree with appellants for reasons that follow.

While standing behind his car filling it with gasoline at one end of a Gulf self-service gas station operated by TMM, David Galvin was struck by a car driven by Blein Thi Doan. At the opposite end of the concrete pumping island a previous customer had spilled some gasoline. A puddle of gasoline mixed with water resulted when a TMM employee attempted to wash off the gasoline. Doan pulled up to the pump behind Galvin, was unable to stop because of the wet spot on the concrete, and her car slid into Galvin, striking him at the knees and pinning him between the two automobiles.

Appellants sued Doan, Gulf and TMM. Appellants alleged that the driver, Doan, was negligent in operating her vehicle at an excessive rate of speed under the circumstances and alleged further that the station owner, Gulf, and station operator/occupier, TMM, had negligently permitted an unsafe, slippery condition which was a proximate cause of Doan's inability to stop the automobile when she applied the brake. Additionally, appellants alleged that TMM failed to clean or correct a dangerous and slippery condition; failed to warn customers and others of the dangerous condition; and failed to warn the appropriate city officials in order that an emergency response could be made to such conditions. Additional allegations against Gulf included defective design, defective construction and deficient instructions to TMM regarding proper maintenance and use of the concrete surface.

Based upon the jury's verdict, appellants obtained a money judgment against Doan and a take-nothing judgment against Gulf and TMM. Appellants appeal from the denial of their motion for new trial on their claims against Gulf and TMM.

At trial, appellants called one of their designated experts, Bruce Martin, a civil engineer, as a liability expert. Martin testified that most service stations had either a brushed or broomed cement surface, rather than a smooth surface, and that Gulf had not followed its own specifications in the construction of the station. Martin testified that the specifications for the station called for a light brush finish and that if any brush strokes were visible on the cement surface, that surface would be categorized as a brush finish or surface. Martin testified that he saw no brush strokes on that portion of the driveway surface where the accident occurred and that the sidewalk adjacent to the driveway had a rougher finish on it than the driveway surface. Therefore, in Martin's opinion, the sidewalk was constructed in compliance with the City of Mesquite's building ordinances, and the driveway of the station was not.

Later in the trial on its case in chief, Gulf called Michael Brewer, an undesignated witness, for the limited purpose of rebutting Martin's testimony regarding the building code of the City of Mesquite. By way of a bill of exception, the record on appeal reflects that on March 30th, 1987, upon learning that Gulf intended to call Michael Brewer as a witness, and outside the presence of the jury and the court reporter, appellants objected to Brewer's testimony on the grounds that he had not been disclosed as a person with knowledge of relevant facts or as an expert witness in response to interrogatories or to the court's pretrial order and that Brewer was not a proper rebuttal witness. Gulf argued that Brewer's testimony was proper rebuttal to the testimony of Martin as to the surface conditions of Gulf's service station and Gulf's compliance with city codes. Further, arguing surprise with respect to Martin's testimony, Gulf argued that Brewer's testimony would be responsive as to the enforcement of and compliance with building codes in the City of Mesquite. The trial court ruled that Brewer could properly testify as a rebuttal witness in the presence of the jury and "otherwise overruled appellants' objections to the testimony of Brewer," to which action appellants requested leave to later make a bill of exception. After initial questions relative to identity and employment, Brewer's testimony on direct examination related to two separate matters. Brewer was the sponsoring witness for the introduction and ad-

mission into evidence of a certified copy of ordinance 441 of the City of Mesquite, to which offer the appellants expressly stated they had no objection. After the ordinance was admitted into evidence, Brewer read to the jury certain portions of the ordinance. At Gulf's request, Brewer then testified that, after being served with a subpoena during the trial, he went to the Gulf station and personally observed broom or, most likely, brush marks on the surface.

The bill of exception, timely filed by appellants and signed by the trial judge, states as follows:

BE IT REMEMBERED that on the 30th day of March, 1987 during the trial of this cause came on the Defendant Gulf Oil Corporation and announced its intention to call as a witness Mr. Michael Brewer of the City of Mesquite, Texas. Outside the presence of the jury, counsel for the [Appellants] objected to Mr. Brewer's testimony on the grounds that Mr. Brewer had not been disclosed as a person with knowledge of relevant fact or as an expert witness in response to interrogatories or to the court's previous pre-trial order and, further, on the grounds that Mr. Brewer was not a proper rebuttal witness. Counsel for the Defendant Gulf Oil Corporation maintained that Mr. Brewer's testimony was proper rebuttal testimony to the prior testimony of Mr. Bruce Martin during the [appellants'] case-in-chief as to surface conditions at the Gulf Service Station and compliance with city codes arguing surprise and argued that Mr. Brewer's testimony would be responsive as to building codes, enforcement and compliance in the City of Mesquite. The court, having considered the arguments of counsel, ruled that Mr. Brewer could properly testify as a rebuttal witness in the presence of the jury regarding conformity of the service station with the building codes of the City of Mesquite and other related matters and otherwise overruled [appellants'] objections to the testimony of Mr. Brewer.

To which action, [appellants] requested leave to later make a bill of exception. This Bill of Exception, having been submitted to the trial court, is granted/denied on this the 24th day of September, 1987.

/s/ CATHERINE J. CRIER
[JUDGE]

Appellants failed to obtain a ruling from the trial judge either granting or denying the bill of exception. Additionally, a handwritten interlineation,[1] unidentified by initials, was made within the bill of exception, and, after reviewing the record, we cannot establish with certainty the author of the interlineation. Although these irregularities existed, the bill of exception was signed by the judge and filed in the minutes of the court. Rule 52(c)(5) of the Texas Rules of Appellate Procedure provides that if a bill of exception is "found to be correct, the judge shall sign it without delay and file it with the clerk." Because the bill of exception was signed and filed with the clerk, we assume that it is correct as modified by the interlineation. Furthermore, we conclude that the bill of exception, under these particular circumstances, adequately serves to supplement the record on appeal to reflect the oral objections, arguments and ruling which took place outside the presence of the court reporter and which do not otherwise appear in the statement of facts. *See* 31 J. Wicker, *Civil Trial and Appellate Procedure* § 654 (Texas Practice 1985).

■ In their first point of error, appellants contend that the trial court committed reversible error by permitting Gulf to present Brewer as a rebuttal witness who had not been previously identified as an expert in response to interrogatories. The identity of expert witnesses must be disclosed no later than thirty days prior to the beginning of trial. TEX.R.CIV.P. 166b(5). Failure to comply with this rule results in the loss of the opportunity to offer the witness's testimony. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297 (Tex.1986). The sanction is automatic. It then becomes the burden of the party seeking to call the

---

1. "... and compliance with city codes arguing     surprise ..."

witness to show good cause as to why the answers were not supplemented. *Gutierrez v. Dallas Independent School District,* 729 S.W.2d 691, 694 (Tex.1987).

Upon review of the record, we find the demonstration of good cause by Gulf to be set forth in the bill of exception, to-wit:

Counsel for the Defendant Gulf Oil Corporation maintained that Mr. Brewer's testimony was proper rebuttal testimony to the prior testimony of Mr. Bruce Martin during the [appellants'] case-in-chief as to surface conditions at the Gulf Service Station and compliance with city codes arguing surprise and argued that Mr. Brewer's testimony would be responsive as to building codes, enforcement and compliance in the City of Mesquite.

Likewise, the bill of exception serves as the only record evidencing the trial court's determination that good cause did exist, to-wit:

The court, having considered the arguments of counsel, ruled that Mr. Brewer could properly testify as a rebuttal witness in the presence of the jury regarding conformity of the service station with the building codes of the City of Mesquite and other related matters and otherwise overruled [appellants'] objections to the testimony of Mr. Brewer.

■ The determination of good cause is within the sound discretion of the trial court, and that determination can only be set aside if the trial court abused its discretion. *Morrow,* 714 S.W.2d at 298. To determine if the trial court abused its discretion, we must look to see if the court acted without reference to any guiding rules and principles. *Id.* The party offering the testimony has the burden of showing good cause for the admission of that testimony. *Id., citing Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.,* 701 S.W.2d 243, 246–47 (Tex.1985).

Here, Gulf argued surprise stating that appellants failed during discovery to reveal Martin's testimony and opinions regarding the building code of the City of Mesquite. Gulf sent two sets of interrogatories to appellants requesting the following:

Identify each person whom you expect to call as an expert witness to trial, and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

In response, appellants stated that Martin would testify as to the coefficient of friction resulting from the spillage of gasoline and water on the surface and the defective condition of the concrete surface at the time of the incident. In addition, Gulf took Martin's deposition and gave Martin ample opportunity to express his opinion that the service station's driveway failed to conform with the building code of the City of Mesquite. During the deposition, Martin was asked twice if there were any other instruments or documents or writings of any nature that he had looked at, reviewed or read, relative to this case, other than the things already discussed in the deposition. Martin stated that he had received several documents from the highway department, the American Society for Testing of Materials and Texas A & M University. Martin was then asked to explain, in detail, the information he gleaned from each of the publications. Martin at no time during the deposition mentioned the building code of the City of Mesquite. Martin was then asked if there were "any other considerations that [Martin] would take into account, in designing the appropriate surface texture on a concrete driveway area in a service station," to which Martin responded, "No."

We have found the cases to be somewhat unclear in two respects: (1) must the offering party show and the trial court find good cause for failure to designate or good cause "for the admission of the testimony?" and (2) must the trial court's finding be express or may it be implied?

■ Based on our reading of the prevailing authority, we conclude that the offering party must show and the trial court must find good cause for failing to designate. This showing, if made, then becomes a sufficient basis for the trial court's find-

ing of good cause for allowance of the testimony at trial. To the extent that a showing of good cause for the admission of testimony of an undesignated witness does not encompass a showing of good cause for failure to designate, we conclude that it is insufficient to justify the allowance of an undesignated witness. We further conclude that a trial court's finding of good cause for failure to designate may be either express or implied.

■ The record before us reflects that at trial Gulf showed that Martin failed to reveal during discovery his testimony and opinions concerning the building code of the City of Mesquite, even though Gulf's discovery requests were broad enough to properly elicit such responses. We conclude, therefore, that Gulf could not have anticipated the need to rebut that unrevealed testimony thereby justifying his failure to designate. Thus, we conclude that Gulf made a showing of good cause for admission of the testimony and further conclude that its showing encompassed a showing of good cause for its failure to designate. Therefore, the trial court's implied finding of good cause based on Gulf's showing was sufficient to justify allowance of the testimony of an undesignated witness. Consequently, the trial court did not abuse its discretion; and we so hold.

Furthermore, even if the trial court's admission of Brewer's testimony were error, it would not be reversible error unless it were harmful. It is well established under Texas law that "[t]he erroneous admission of evidence will not require a reversal unless the record *as a whole* affords a substantial basis for the reasonable belief that such evidence may well have caused the rendition of an improper judgment." *Bounds v. Scurlock Oil Co.*, 730 S.W.2d 68, 71 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.) (emphasis added), *quoting Ford Motor Co. v. Nowak*, 638 S.W.2d 582,

590 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

In this instance, it would be impossible to review the record as a whole since the complete record is not before us. The parties have brought forward only a partial statement of facts. Under prior law, if an appellant failed to provide sufficient information from the trial court record to allow us to determine whether or not an erroneous ruling caused the rendition of an improper judgment, such failure resulted in a presumption that the omitted material supported the judgment. *See Dennis v. Hulse*, 362 S.W.2d 308, 310 (Tex.1962). In 1981, the rule was significantly altered to encourage the filing of a partial statement of facts when feasible. Rule 53(d) of the Texas Rules of Appellate Procedure now provides as follows:

> If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

■ Because appellants filed a statement of points to be relied on for appeal, we shall presume that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. We hold that the presumption as provided in rule 53(d) only means that providing a partial statement of facts does not automatically *defeat* an appellant's showing of error, and that the presumption does not provide that anything appellant omits can be presumed to *sustain* appellant's assigned error.[2] Pursuant to Texas Rule of

---

**2.** *Cf. Rowlett v. Colortek, Inc.*, 741 S.W.2d 206, 208 (Tex.App.—Dallas 1987, no writ). In *Rowlett* this Court found Texas Rule of Appellate Procedure 53(d) to be analogous to paragraph 6 of an order of the Supreme Court of Texas, dated January 8, 1986, establishing a pilot project for the district courts of Dallas County

and implementing the use of electronic statements of facts for appeals in this Court. Paragraph 6 provides that "[t]he appellate court shall presume that nothing omitted from the transcriptions in the appendices is relevant to any point raised or to the disposition of the appeal.

Appellate Procedure 81(b)(1), the burden of establishing reversible error is on the complaining party. *Nix v. H.R. Management Co.*, 733 S.W.2d 573, 575 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.), *citing Lorusso v. Members Mutual Insurance Co.*, 603 S.W.2d 818, 821 (Tex.1980). The complaining party must show that the trial was materially unfair. *Id.* If appellants wish to complain of harm resulting from the admission of evidence, they must present the entire statement of facts to make such a showing; otherwise, the entire burden of proof on appeal would shift to appellees. *Cf. Rowlett*, 741 S.W.2d at 208. The record, as it was brought before us, does not afford a substantial basis for the reasonable belief that such evidence caused the rendition of an improper judgment. TEX.R.APP.P. 81(b)(1). Applying the presumption of rule 53(d) that "nothing omitted from the record is relevant ...," we conclude that appellants have failed in their burden to show harm. Accordingly, we overrule appellants' first point of error.

■ In their second point of error, appellants argue that the trial court committed reversible error by prohibiting appellants' rebuttal witness, Richard Turner, from fully testifying about the results of scientific, demonstrable tests and his conclusions regarding the coefficient of friction and surface conditions of the Gulf station. Following Gulf's case-in-chief, appellants offered Turner to rebut testimony of George Tier, a designated expert presented by Gulf, regarding the coefficient of friction for the service station, the slickness of the surface, the general safety to the motoring public, and the existence of Gulf's safety manuals for the operation of service stations. Gulf and TMM objected to Turner's testifying because he had not been identified by appellants in response to interrogatories which requested that appellants provide the names of expert witnesses and the subject matter on which the experts were expected to testify. Gulf argued that Turner was never designated, and Gulf first learned at trial that appellants intended to call him as a rebuttal witness. The court permitted Turner to testify but restricted Turner's testimony, disallowing him to testify about tests showing the coefficient of friction for the service station in question and the adjacent driveway entrance, the effect of a mixture of water and gasoline on the surface and the safety to the motoring public. The trial court reasoned that these subject matters were not a surprise to appellants and, therefore, did not necessitate calling a rebuttal witness. Turner was permitted to testify at length about the surface, including photographs. Appellants argue that their surprise at the testimony of one of Gulf's experts necessitated their calling Turner in rebuttal. TMM and Gulf argue that Turner was called merely in a desperate effort to correct appellants' own expert's inadequate preparation as to tests which had been previously disallowed by the trial court.

Appellants concede that they have the burden of proof of showing good cause for Turner, a previously unidentified expert witness, to testify. At trial, appellants attempted to show good cause by explaining that the subject matter of the witness's testimony was to rebut the testimony elicited from Tier, Gulf's expert witness who was designated on the thirtieth day before trial, and to rebut testimony from two other timely designated expert witnesses.

Appellants made no showing of good cause. *See E.F. Hutton & Co., Inc. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987). The trial court properly exercised its discretion in limiting Turner's testimony to subject matters within the realm of proper rebuttal as appellants made no showing of good cause. Furthermore, even if the trial court's ruling constitutes an abuse of discretion, we can find no harmful error upon review of the partial statement of facts. We overrule appellants' second point of error. Consequently, we affirm the trial court's judgment.

The appellate court shall have no duty to review any part of an electronic recording."