Steger & Bizzell v. Vandewater 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 



ON MOTION FOR REHEARING


 




NO. 3-90-038-CV





STEGER & BIZZELL, INC., DON BIZZELL AND


CHARLES H. STEGER,





 APPELLANTS


vs.





VANDEWATER CONSTRUCTION, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 412,921, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 



 The opinion issued by this Court February 27, 1991, is
withdrawn, and the following is filed in lieu thereof.

 Charles Steger, Don Bizzell, and Steger & Bizzell, Inc.
appeal from a judgment taken against them by VandeWater
Construction, Inc. ("VandeWater") on claims of negligence, breach
of express and implied warranties, and violations of the Texas
Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com. Code Ann.
§§ 17.41-.61 (1987 & Supp. 1991). Appellants contend: (1) the jury
trial was improperly held in Travis County because the only county
in which venue was proper was Williamson County; (2) the jury's
damage award was excessive. We will reverse and remand.

 VandeWater is a construction company headquartered in
Williamson County. In 1985 VandeWater purchased four lots, also
located in Williamson County, from South Fork Development
Corporation, an organization in which appellants Bizzell and Steger
were principals. The two individuals were also principals of
Steger & Bizzell, Inc., the company that designed the septic
systems used in the homes VandeWater began building on the lots. 
For reasons not relevant to this appeal, VandeWater determined that
the lots were unfit for building homes for later sale. It sought
recovery from appellants and from other defendants not parties to
this appeal. (1)

 VandeWater filed suit in Travis County, alleging
negligence, gross negligence, breach of express and implied
warranties, and violations of the DTPA. As to venue, VandeWater
pleaded only that "Steger & Bizzell, Inc. solicits business in
Travis County, Texas." Appellants duly filed a motion to transfer
venue to Williamson County, alleging it to be the only county where
venue was proper. The trial court overruled the motion. Trial on
the merits was conducted in Travis County, and the jury returned a
verdict for VandeWater. The trial court rendered a judgment in
accordance therewith, from which appellants filed this limited
appeal on the grounds that: (1) venue was improper in Travis
County, and (2) the jury awarded excessive damages.

 Appellants contend that venue was improper in Travis
County because VandeWater did not show an exception to the general
venue rule, which requires that defendants be sued either in their
county of residence or in a county in which all or a part of the
plaintiff's cause of action arose. Tex. Civ. Prac. & Rem. Code
Ann. § 15.001 (1987).


PARTIAL STATEMENTS OF FACTS IN VENUE APPEALS 



 VandeWater argues initially that appellants have
effectively waived their venue complaint by filing a partial
statement of facts pursuant to Rule 53(d) of the Rules of Appellate
Procedure. Rule 53(d) provides:


If appellant requests or prepares a partial statement of
facts, he shall include in his request or proposal a
statement of the points to be relied on and shall
thereafter be limited to such points. If such statement
is filed, there shall be a presumption on appeal that
nothing omitted from the record is relevant to any of the
points specified or to the disposition of the appeal. 
Any other party may designate additional portions of the
evidence to be included in the statement of facts.


Tex. R. App. P. 53(d). VandeWater does not contend that appellants
failed to follow the procedures set forth in Rule 53(d). (2) Rather,
VandeWater asserts that Rule 53(d) does not apply to an appeal from
a venue ruling. The Civil Practice and Remedies Code requires that
"[i]n determining whether venue was or was not proper, the
appellate court shall consider the entire record, including the
trial on the merits." Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b)
(1986). Because a venue review encompasses the "entire record,"
VandeWater argues that the Rule-53(d) presumption is overridden by
the requirements of Rule 50(d): "The burden is on the appellant,
or other party seeking review, to see that a sufficient record is
presented to show error requiring reversal." Tex. R. App. P.
50(d). Thus, VandeWater asserts that we are obligated to presume
that any matter omitted from the statement of facts supports the
trial court's venue determination. We disagree.

 A historical review of the development of Rule 53(d) is
helpful in construing its meaning. In 1941 the Rules of Civil
Procedure were promulgated with high hopes of reducing the expense
and delay of appeals. For example, Rule 370 provided:


 In view of the crowded condition of the dockets
of the appellate courts, the record and briefs on appeal
should be limited as far as possible to the questions
relied on for reversal. The primary purpose of the
courts is to administer justice between the parties with
as little expense and delay as possible. Liberal
provisions are therefore made in these rules for
amendments on appeal to bring forward any material matter
which may have been omitted. With this protection the
bar is expected to cooperate in shortening the records in
furtherance of the provisions of these rules.


Tex. R. Civ. P. 370 (1941). Rule 377(b), patterned after original
Rule 75(e) of the Federal Rules of Civil Procedure (now Fed. R.
App. P. 10), provided as follows: "All matters not essential to
the decision of the questions presented on appeal shall be omitted.
. . . All documents shall be abridged by omitting all irrelevant
and formal portions thereof." Tex. R. Civ. P. 377(b) (1941). Rule
377(c) gave the appellee the opportunity to designate any material
portions of the record that had been omitted by the appellant. One
of the first groups of amendments to the Rules of Civil Procedure,
effective December 31, 1941, included the adoption of Rule 377a:


For the purpose of inducing the opposing party to accept
an abbreviated transcript or statement of facts, the
appellant, or the appellee to the extent that he
complains of the judgment or any part thereof, may file
with the clerk of the trial court a statement of the
points on which he intends to rely on appeal; and he
shall thereafter be limited to such points.


Tex. R. Civ. P. 377a (1941).

 The drafters of the Rules of Civil Procedure clearly
hoped to reduce the length of statements of facts, thereby
minimizing the expense and delay so often associated with the
appellate process. The drafters believed that the new rules
eliminated the traditional presumption that any matter omitted from
the statement of facts sustains the judgment. See Opinions Nos. 42
& 69, Subcommittee on Interpretation of Rules of Civil Procedure,
5 Tex. B.J. 236, 428 (1942).

 The hopes of the drafters did not fully materialize. In
1968 the supreme court disagreed with the subcommittee's
interpretation, holding that as to sufficiency of the evidence
complaints an appellant's burden to show error "cannot be
discharged in the absence of a complete or an agreed statement of
facts." Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex. 1968). 
The court expressly approved the court of civil appeals' holding
that "[w]ith only a partial statement of facts before us we must
presume that there was evidence to support the court's findings." 
Id. at 806. That same year the supreme court also held, albeit not
in the context of a partial statement of facts, that showing an
error of law committed by the trial court to have been harmful
requires "a review of the entire record in the case." Gomez Leon
v. State, 426 S.W.2d 562 (Tex. 1968). These holdings undercut the
ability of any appellant to use a partial statement of facts.

 In 1981 the supreme court adopted extensive amendments to
the relevant Rules of Civil Procedure. Rule 377a (permitting an
appellant to limit his appellate points of error in order to
"induce" the appellee to agree to accept an abbreviated statement
of facts) was repealed; in its place a new Rule 377(d) made the
limitation of appellate points a mandatory prerequisite for
appealing with a partial statement of facts. The new rule provided
that the satisfaction of that prerequisite resulted in a wholly new
presumption: "[T]hat nothing omitted from the record is relevant
to any of the points specified or to the disposition of the
appeal." Tex. R. Civ. P. 377(d) (1981). The provisions of old
Rule 377(c) allowing an appellee to designate additional portions
of the record were also included in new Rule 377(d).

 In 1986 the supreme court adopted the Rules of Appellate
Procedure. Rule 377(d) became Appellate Rule 53(d), without
significant change.

 Since 1981 a number of Texas courts have construed the
effect of Rule 377(d) and its appellate-rule replacement, Rule
53(d). Not surprisingly, courts are in agreement that a failure to
comply with the requirements of Rule 53(d) results in application
of the "old" presumption that omitted matter supports the trial
court's judgment. See Schafer v. Conner, 805 S.W.2d 554 (Tex. App.
1991, writ requested); Southwestern Bell Tel. v. Cafi Co., 777
S.W.2d 778 (Tex. App. 1989, no writ); Prather v. McNally, 757
S.W.2d 124 (Tex. App. 1988, no writ); Gibbs v. Greenwood, 651
S.W.2d 377 (Tex. App. 1983, no writ); cf. National Surety Corp. v.
Rushing, 628 S.W.2d 90, 92-93 (Tex. App. 1981, no writ). Without
the benefit of the Rule-53(d) presumption, therefore, a party
appealing a venue determination without a statement of facts can
show neither error nor harm. Flores v. Arrieta, 790 S.W.2d 75
(Tex. App. 1990, writ denied).

 On the other hand, where an appellant has satisfied the
requirements of Rule 53(d), the courts of appeals have disagreed
about the meaning and effect of the new presumption. In Galvin v.
Gulf Oil Corp., 759 S.W.2d 167, 172-73 (Tex. App. 1988, writ
denied), the court stated in dictum that an appellant could show
the erroneous admission of evidence to be harmful only by bringing
up the entire statement of facts, while in Phaup v. Boswell, 731
S.W.2d 625, 627 (Tex. App. 1987, no writ), the court had no trouble
concluding from a partial statement of facts that an erroneous
exclusion of evidence was harmful. In Rowlett v. Colortek, Inc.,
741 S.W.2d 206, 207-08 (Tex. App. 1987, no writ), the court held
that notwithstanding the new presumption the entire statement of
facts was necessary to review a no-evidence or insufficient-evidence point of error, while in Alford v. Whaley, 794 S.W.2d 920,
921, 923 (Tex. App. 1990, no writ), the court held that the Rule-53(d) presumption permitted a review of the sufficiency of the
evidence to support an attorney's fee award. In Greenwood v.
State, 802 S.W.2d 10, 11-13 (Tex. App. 1990, pet. granted), a
criminal case, the court held that the Rule-53(d) presumption
permitted review of a partial statement of facts to determine a
jury-misconduct point of error, but not an insufficient-evidence
point. One court has held that the presumption created by Rule
53(d) is rebuttable, so that the omission of evidence shown on the
face of the record to have been considered by the trial court
leaves in effect the general Englander presumption. See Candelier
v. Ringstaff, 786 S.W.2d 41, 44 (Tex. App. 1990, writ denied).

 Our research has revealed only two cases in which the
supreme court has addressed Rule 53(d). In Producer's Construction
Co. v. Muegge, 669 S.W.2d 717 (Tex. 1984), the trial court had, at
the close of the plaintiff's case, recessed the trial to resolve
scheduling problems and take several motions under advisement. 
Instead of holding further proceedings, however, the court
eventually rendered final judgment a month later without ever
allowing the defendant to put on any evidence. Meeting the
requirements of Rule 377(d), the defendant brought up on appeal a
partial statement of facts that included only the trial court
proceedings from the close of the plaintiff's case in chief through
the rendition of judgment. The court of appeals affirmed, holding
that the action of the trial court was equivalent to rendering a
directed verdict--an action not reviewable in the absence of a
complete statement of facts. 670 S.W.2d 275. The supreme court
reversed, holding that, with the aid of the Rule-377(d)
presumption, the partial statement of facts was "sufficient for
review of this error." 669 S.W.2d at 718.

 In Christiansen v. Prezelski, 782 S.W.2d 842 (Tex. 1990),
the trial court allowed the defendant to call two expert witnesses
out of turn. The plaintiff, appealing from an adverse jury verdict
and judgment, brought up only a partial statement of facts, but did
not comply with Rule 53(d). Nonetheless, the court of appeals
found reversible error in allowing the two expert witnesses to
testify out of order. 775 S.W.2d 764. The supreme court reversed,
citing the burden to show error placed on an appellant by Rule
50(d) of the Rules of Appellate Procedure.

 Although the supreme court reversed, the following
paragraph from the court's opinion is highly instructive:


 An appellant must either comply with rule 53(d)
or file a complete statement of facts; otherwise, it will
be presumed that the omitted portions are relevant to the
disposition of the appeal. A reviewing court must
examine the entire record in a case in order to determine
whether an error was reasonably calculated to cause and
probably did cause the rendition of an improper judgment. 
Gomez Leon v. State, 426 S.W.2d 562, 565 (Tex. 1968). 
When an appellant has neither complied with rule 53(d)
nor filed a complete statement of facts, the reviewing
court is unable to ascertain whether a particular ruling
by the trial court is harmful in the context of the
entire case.


782 S.W.2d at 843.

 A significant statement about the proper application of
the Rule-53(d) presumption can be gleaned from the foregoing
paragraph. First, the court followed its restatement of the Gomez
Leon rule with the conclusion that "[w]hen an appellant has neither
complied with rule 53(d) nor filed a complete statement of facts,"
a reviewing court cannot determine the harmfulness of an erroneous
ruling. These statements suggest that if an appellant does comply
with Rule 53(d), the reviewing court may determine the harmfulness
of an error from a partial statement of facts. This proposition
contradicts the dicta in Galvin that, Rule 53(d) notwithstanding,
an appellant must present the entire statement of facts in order to
demonstrate harm resulting from the erroneous admission of
evidence. See Galvin, 759 S.W.2d at 172-73.

 The paragraph from Christiansen also gives a clue to the
supreme court's interpretation of the Rule-53(d) presumption that
"nothing omitted from the record is relevant to . . . the
disposition of the appeal." The general Englander rule is usually
phrased that an incomplete statement of facts gives rise to a
presumption that the omitted matter "supports the trial court's
judgment [or findings]." In Christiansen, however, the court
stated that if an appellant neither complies with Rule 53(d) nor
files a complete statement of facts, "it will be presumed that the
omitted portions are relevant to the disposition of the appeal." 
782 S.W.2d at 843. Omitting matter that is relevant to the
disposition of an appeal sometimes prevents a reviewing court from
finding error, but under Gomez Leon it always prevents a finding of
harm. Hence, the court in Christiansen seems to have been saying
that the Rule-53(d) presumption of irrelevancy applies to the
appellant's demonstration of harm as well as error, thereby
recognizing Rule 53(d) as an exception to the Gomez Leon rule.

 The venue statute's requirement that a reviewing court
must "consider the entire record" is, in our view, analogous to the
Gomez Leon requirement that an appellate court must review the
entire record to determine the harmfulness of trial-court error. 
We can think of no reason to treat them differently. We conclude,
therefore, that Rule 53(d) applies to an appeal from a venue
ruling, effectively creating an exception to the venue statute's
"entire record" requirement.

 VandeWater argues that if the Rule-53(d) presumption is
applied in cases such as this one, "an appellant could comply with
Rule 53(d) and set forth its limited issues on appeal, such as a
'no evidence' point and then designate no record to support its
claims," thereby forcing the appellee to bear the expense of having
the relevant portions of the statement of facts transcribed. We do
not foresee such drastic consequences.

 First, we do not address the question whether the Rule-53(d) presumption may properly be applied in reviewing no-evidence
and insufficient-evidence points of error generally. We hold only
that the presumption is applicable to points asserting improper
venue.

 Second, adequate remedies are already available for
abuses such as that mentioned by VandeWater. For example, a
reviewing court could require the appealing party to increase the
amount of its cost bond to cover the expense of additional portions
of the statement of facts. See Tapiador v. North American Lloyds,
772 S.W.2d 954 (Tex. App. 1989, no writ); Tex. R. App. P. 49. In
addition, if a reviewing court becomes aware that relevant portions
of the statement of facts have been omitted, it could simply order
that additional relevant portions be furnished at the appellant's
expense. See Tex. R. App. P. 55. Finally, the appellant still has
the burden to furnish a "sufficient record." Tex. R. App. P.
50(d). A gross abuse such as that suggested by VandeWater would,
in our opinion, probably be a violation of Rule 50(d), at least. 
In that instance, a reviewing court could impose an appropriate
sanction against the offending party. See Tex. R. App. P. 50(f);
see also Tex. Gov't Code Ann. §§ 21.001, 21.002 (1988 & Supp.
1991). In short, we do not believe that the application of Rule
53(d) to cases such as this one poses the danger of abuse that
VandeWater fears.

 In the present case, we conclude that appellants' proper
designation of their points pursuant to Rule 53(d) entitles them to
the presumption that nothing omitted from the record is relevant to
the disposition of their appeal. Because the omitted matter is
presumptively irrelevant to the disposition of the appeal, we
presume that such matter has no bearing one way or the other on the
conclusions as to error and harm that we make from the partial
statement of facts before us. Accordingly, we will review the
merits of appellants' complaints.


VENUE UNDER THE DTPA



 VandeWater defends the propriety of venue in Travis
County on the ground that the DTPA expressly permits venue there. 
Section 17.56 of the DTPA provides:


An action brought which alleges a claim to relief under
Section 17.50 of this subchapter may be commenced in the
county in which the person against whom the suit is
brought resides, has his principal place of business, or
has a fixed and established place of business at the time
the suit is brought or in the county in which the alleged
act or practice occurred or in a county in which the
defendant or an authorized agent of the defendant
solicited the transaction made the subject of the action
at bar.



Tex. Bus. & Com. Code Ann. § 17.56 (1987) (emphasis added). 
VandeWater relies exclusively on the final, emphasized clause of
the provision. Venue is proper, therefore, only if one of the
defendants "solicited the transaction made the subject of the
action at bar" in Travis County.

 The present controversy revolves around the meaning of
the above-cited language. Appellants contend that the clause is
self-explanatory. Although VandeWater does not argue the clause is
ambiguous, it urges us to determine in what county "the
transaction" was "solicited" solely from the perspective of the
seller, without reference to the activity -- or existence -- of the
buyer. VandeWater apparently argues that the legislature intended
venue to lie in any county in which the seller solicited any
potential purchaser, irrespective of whether or not such efforts
resulted in the transaction from which the action at bar arose. 
This construction would do violence to the language of section
17.56.

 The term "solicit" means


[t]o appeal for something; to apply to for obtaining
something; to ask earnestly; to ask for the purpose of
receiving; to endeavor to obtain by asking or pleading;
to entreat, implore, or importune; . . . The term
implies personal petition and importunity addressed to a
particular individual to do some particular thing.


Black's Law Dictionary 1248-49 (5th ed. 1979) (emphasis added). 
The term "transaction" has been defined as:


Act of transacting or conducting any business;
negotiation; management; . . . . It must therefore
consist of an act or agreement, or several acts or
agreements having some connection with each other, in
which more than one person is concerned, and by which the
legal relations of such persons between themselves are
altered.


Black's Law Dictionary 1341 (5th ed. 1979) (emphasis added); cf.
Miles v. Starks, 590 S.W.2d 223, 227 (Tex. Civ. App. 1979, writ
ref'd n.r.e.). The word "the" is defined as


An article which particularizes the subject spoken of. 
". . . The most unlettered persons understand that 'a' is
indefinite, but 'the' refers to a certain object."


Black's Law Dictionary 1324 (5th ed. 1979); cf. Fischer v. Reissig,
143 S.W.2d 130, 131 (Tex. Civ. App. 1940, writ ref'd). First,
then, both a solicitation and a transaction necessarily involve the
participation of more than one party. A seller may not "solicit"
or "transact" alone; he must have a buyer to whom he directs his
solicitation or with whom he completes a transaction. Viewing the
matter solely from the perspective of the seller is, therefore,
inadequate to determine venue under the wording of section 17.56.

Next, the term "the" preceding the term "transaction" indicates
that the statute is referring to the solicitation of one particular
transaction. The modifying phrase, "made the subject of the action
at bar," which follows and modifies the phrase "the transaction,"
defines the referenced transaction as being the particular one that
is the basis, or part of the basis, of the lawsuit. 

 VandeWater cites Big Rock Properties Texas, Inc. v. King,
613 S.W.2d 804 (Tex. Civ. App. 1981, no writ), in support of its
view of the statute. Although vague in its recitation of the
facts, Big Rock can be read to hold that the mere placing of an
advertisement in a telephone directory circulated in a particular
county constitutes solicitation of transactions in that county,
such that venue would lie therein for a lawsuit arising from any
transaction involving the product or service advertised, without
regard to where -- or whether -- the injured consumer had seen the
advertisement. If Big Rock does so hold, we decline to follow it. 
The mere fact that a company may have a listing in the telephone
book of a county is, by itself, insufficient to permit venue in
that county without an additional showing that the plaintiff saw
the listing there and dealt with the defendant as a result of
having seen it.

 In the present case, the parties bought and sold the four
lots in Williamson County. Therefore, only if one of the
appellants solicited VandeWater in Travis County to purchase these
four lots was venue proper there. The undisputed evidence shows,
however, that the VandeWater transaction was solicited in
Williamson County. Leslie VandeWater, a realtor who was also a
principal of VandeWater, read about the lots in the Austin Multiple
Listing Service. VandeWater admits that it purchased the lots as
a result of Ms. VandeWater's having seen this information. The
publication has a circulation including both Williamson and Travis
Counties, but Ms. VandeWater read her copy of it in Williamson
County. Accordingly, appellants solicited "the transaction made
the subject of the action at bar" in Williamson County. 

 At the hearing on the motion to transfer venue,
VandeWater offered evidence that, at the time it hired appellants,
their business was listed in the Austin telephone directory. 
VandeWater conceded, however, that the directory listing played no
part in inducing it to use appellants' services. VandeWater
admittedly based its decision to hire Steger & Bizzell, the septic
system designer, on the recommendations of a firm not a party to
the lawsuit. Because VandeWater did not see or rely on the
telephone-directory listing in retaining appellants' services, the
listing is irrelevant to this issue. It did not constitute
solicitation of this transaction.

 Because all of the events amounting to solicitation of
"the transaction made the subject of the action at bar" occurred in
Williamson County, the final clause of section 17.56 does not
permit venue in Travis County. We hold that venue was proper only
in Williamson County. In light of our decision as to appellants'
venue point, we do not address their point concerning excessiveness
of damages.

 We reverse the trial court's judgment and remand the
cause with instructions that it be transferred to Williamson
County.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Powers and Jones]

Reversed and Remanded

Filed: June 12, 1991

[Publish]
1. The other defendants were Jack Webernick, South Fork
Development, Alan Grimsley, Doak Fling, and Ron Wood. None of
these defendants has appealed.

2. The transcript reflects that the jury's verdict was
returned twenty-two days after the case was called to trial. 
Limiting their appellate complaints to improper venue and
excessive damages, appellants requested the court reporter to
prepare the following portions of the evidence: (1) cross-examination of Leslie VandeWater; (2) direct examination of Don
Bizzell and Charles H. Steger; (3) specified portions of the
deposition testimony (read into evidence) of Jack Webernick, Dean
Allen Grimsley, Lester Olen Fling, and Jason VandeWater; (4)
several exhibits; and (5) appellants' objections to the court's
charge. VandeWater did not designate any additional portions of
the evidence to be included in the statement of facts.