Richard A. SATTERWHITE, and Sharon S. Satterwhite, Appellants,

v.

SAFECO LAND TITLE OF TARRANT, Appellee.

No. 2–92–144–CV.

Court of Appeals of Texas, Fort Worth.

April 28, 1993.

Rehearing Overruled June 8, 1993.

Miskin, White & Davis, LLP and Cecil R. Miskin, Arlington, for appellant.

Cantey & Hanger, L.L.P. and Sloan B. Blair, Randall K. Price, Fort Worth, for appellee.

Before FARRIS and HICKS, JJ., and HARRY HOPKINS, J. (Retired) Sitting by Assignment.

## OPINION

FARRIS, Justice.

Appellants, Richard A. Satterwhite and Sharon S. Satterwhite, appeal a judgment awarding them damages under their DTPA claim and complain the trial court erred: in failing to submit their requested jury question on exemplary damages; in refusing to enter their proposed judgment; in not entering judgment for the highest possible award based on the jury's findings; and in awarding attorneys' fees less than those found by the jury. We overrule these points, because the Satterwhites failed to preserve error on their requested jury charge, did not brief their points complaining about the trial court entering judgment on their DTPA claim and not on their statutory fraud and breach of fiduciary duty claims, and because the trial court did not abuse its discretion in reducing the attorneys' fees awarded.

By cross-point appellee, Safeco Land Title of Tarrant (Safeco), complains the trial court erred: in rendering judgment for the Satterwhites because there was no evidence Charles Rigby was an agent for Safeco or that he acted within the scope of authority granted to him; in awarding attorneys' fees; in admitting the testimony of Cecil Miskin on attorneys' fees; and in not reducing the judgment by the amount the Satterwhites received from settling defendants. Because the trial court did not abuse its discretion in denying Safeco's request for a jury question on scope of employment and impliedly found good cause for the Satterwhites' failure to timely supplement their discovery response to include Cecil Miskin as an expert witness, and because there was no evidence the settled claims covered the same injury, Safeco's cross-points are overruled and the trial court's judgment is affirmed.

This appeal arises from the Satterwhites' suit against Safeco for damages they suffered when Charles Rigby, the escrow closer and alleged agent of Safeco, wrongfully disbursed funds at closing. They sought relief under the fraud in real estate section of the Texas Business & Commerce Code, under the Deceptive Trade Practices Act, and for breach of fiduciary duty. After the jury returned a verdict for the Satterwhites on all causes, they moved for judgment on the verdict and Safeco moved for judgment notwithstanding the verdict. The trial court denied the Satterwhites' motion and partially granted Safeco's motion by entering judgment for the Satterwhites on their DTPA claim.

In their second and third points, the Satterwhites challenge this ruling by arguing the trial court erred in failing to enter their

proposed judgment and in not entering judgment for the highest award based on the jury's findings.

The trial court's judgment states that the greatest recovery the Satterwhites were entitled to was afforded by their DTPA claim. This recitation indicates the trial court disregarded the jury's answers to questions pertaining to their statutory fraud and breach of fiduciary duty claims; therefore, we must determine whether such disregard constitutes error.

■ Whether the evidence supports the jury finding on the real estate fraud statute claim is irrelevant since the Satterwhites cannot recover under this statute because it does not apply to title insurance transactions. *See* TEX.BUS. & COM.CODE ANN. § 27.01 (Vernon 1987); *American Title Ins. Co. v. Byrd*, 384 S.W.2d 683, 685 (Tex.1964). Because the damages of a common-law cause of action cannot be stacked with those of a statutory cause when the claims arise from a single wrongful act, *see American Baler Co. v. SRS Systems, Inc.*, 748 S.W.2d 243, 246 (Tex. App.—Houston [1st Dist.] 1988, writ denied), we will not determine whether the evidence shows breach of a fiduciary duty. The Satterwhites' DTPA claim provided the greater recovery, since the exemplary damages question related only to their DTPA claim; therefore, the trial court did not err in entering judgment on that claim. Points two and three are overruled.

The Satterwhites argue in their first point the trial court erred in not submitting their requested jury charge on exemplary damages in connection with their statutory fraud claim. TEX.BUS. & COM.CODE ANN. § 27.01 (Vernon 1987). Our discussion of this point will be brief because the Satterwhites failed to preserve error on it and because they failed to demonstrate the trial court abused its discretion in disregarding the jury findings on the statutory fraud action, so the omission of a question on exemplary damages was harmless.

■ Although the Satterwhites requested a question on the issue, in writing and separate from other requested jury charges, they did not obtain a ruling on the request. TEX.R.CIV.P. 276 and 279; *Woods v. Crane Carrier Co.*, 693 S.W.2d 377, 379 (Tex.1985); *Greenstein, Logan & Co. v. Burgess Mktg.*, 744 S.W.2d 170, 181 (Tex. App.—Waco 1987, writ denied); *Lyles v. Texas Employers' Ins. Ass'n*, 405 S.W.2d 725, 727 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.). We acknowledge the court overruled the Satterwhites' *objections* to the charge, but that ruling does not constitute a ruling on the *request.* Because the Satterwhites' first point is unpreserved error, it is overruled.

Since the Satterwhites' last point and Safeco's second and third cross-points concern the propriety of the court's award of attorneys' fees in the amount of $12,000, they will be addressed together.

The Satterwhites contend the trial court abused its discretion in disregarding the jury's finding that $18,000 was reasonable and necessary attorneys' fees and Safeco complains there is no admissible evidence to support any award of attorneys' fees.

The only evidence regarding attorneys' fees was the testimony of the Satterwhites' attorney, Cecil R. Miskin, to which Safeco objected on the ground that the Satterwhites did not timely supplement their answers to interrogatories concerning the testimony of expert witnesses, as required by TEX.R.CIV.P. 166b(6).

■ When a party has failed to timely identify evidence in response to discovery requests, the trial court has the *discretion* to impose an appropriate sanction upon the offending party for abuse of the discovery process. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex.1992). Although imposition of the sanction is automatic, it is not intended to punish a party who cannot respond to a discovery request in a timely manner. *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 646 (Tex.1989).

■ The usual sanction for failure to supplement a discovery request for the identity of expert witnesses is the exclusion of the undisclosed expert's testimony. TEX. R.CIV.P. 215(5). But, a court will not impose this sanction if it finds good cause

exists sufficient to require its omission. *Id.* A trial court's finding of good cause for failure to designate an expert may be either express or *implied. Galvin v. Gulf Oil Corp.,* 759 S.W.2d 167, 172 (Tex.App.— Dallas 1988, writ denied). The burden of showing the good cause exception applies is on the party offering the evidence, and to sustain this burden, documentary or testimonial proof must be supplied. *First Interstate Bank v. Bland,* 810 S.W.2d 277, 288 (Tex.App.—Fort Worth 1991, no writ).

■ The Satterwhites produced documentation showing the interrogatory inquiring about expert witnesses was submitted by a prior defendant, University Centre Mortgage Corporation, and not Safeco, and the supplement was prepared and ready for mailing on Friday, December 13, 1991. The supplement was mailed on Monday, December 16, 1991, Safeco received it on December 18, 1991, and trial began on January 13, 1992. We hold the Satterwhites met their burden of showing the good cause exception applied and the trial court did not abuse its discretion by admitting Cecil Miskin's testimony. Safeco's cross-points two and three are overruled.

■ Because the attorneys' fees issue was properly before the court, we address the Satterwhites' contention that the court erred in disregarding the jury finding regarding reasonable attorneys' fees. Although reasonable attorneys' fees is a question of fact for the jury, the trial court has the duty to reduce the fee awarded if it is excessive. *Argonaut Ins. Co. v. ABC*

*Steel Prod. Co.,* 582 S.W.2d 883, 889 (Tex. Civ.App.—Texarkana 1979, writ ref'd n.r.e.). Because the DTPA allows attorneys' fees only for DTPA violations, the trial court did not abuse its discretion in reducing the attorneys' fees for time spent pursuing the fraud and breach of fiduciary duty claims. TEX.BUS. & COM.CODE ANN. § 17.50(d) (Vernon 1987). The Satterwhites' fourth point is overruled.

In its first cross-point, Safeco contends the trial court erred in rendering judgment against it because there was no evidence that Rigby was acting within the scope of authority granted. Because Safeco concedes that Rigby was its agent and the jury found Rigby was Safeco's general agent, the issue is whether the trial court erred in refusing to submit Safeco's requested jury question on the scope of Rigby's authority.[1]

■ All parties are entitled to have controlling issues, raised by the pleadings and evidence, submitted to the jury. *Brown v. Goldstein,* 685 S.W.2d 640, 641 (Tex.1985). Because Safeco filed a verified denial of liability in the capacity in which it was sued claiming Rigby was not its agent or he acted outside the scope of his authority, and because Safeco presented evidence concerning this matter, it was entitled to a submission on the issue.

■ The court must submit the cause on broad-form questions; therefore, the disposition of this point depends on whether jury question number 1 was sufficient to address Safeco's liability in the capacity in which it was sued.[2] *See Texas Dep't of*

---

1. Safeco's proposed jury question was:
   If you have answered Interrogatory No. ____ in the affirmative, and only in that event, then answer:
   Do you find from a preponderance of the evidence that the misrepresentations, if any, made by Charles Rigby, were within the course and scope of his authority, if any, from Safeco Land Title of Tarrant?
   Safeco's proposed jury instruction was:
   The term "course and scope of authority" means that an agent, in good faith, is acting in the interest of his principal, and is conducting the business for which the agent was hired. An agent who is not acting in good faith, or not acting in the interest of his principal, or who is conducting business other than that for which he is hired, or is acting upon in-

structions from a third party in violation of his duty to his principal, is not acting within the course and scope of his authority.

2. Question No. 1 read:
   From March 31, 1988 through March 31, 1990, was Charles Rigby a general agent to act for Defendant Safeco Land Title of Tarrant for real estate closings at the 2900 West Park Row, Arlington, Tarrant County, Texas location?
   "General agent" means a person authorized to conduct all of the business of a particular kind or in a particular place on behalf of the principal. He is not necessarily one with unlimited powers, but rather one with broad powers within a defined area.

*Human Serv. v. E.B.*, 802 S.W.2d 647, 648 (Tex.1990); TEX.R.CIV.P. 277. We hold the broad-form submission negated the necessity for the piecemeal findings Safeco contends the trial court was required to make. *See id.* In support of our holding, is the general rule that an agent's authority is presumed to be co-extensive with the business entrusted to his care. *See Hartford Casualty Ins. Co. v. Walker County Agency, Inc.*, 808 S.W.2d 681, 687 (Tex.App.— Corpus Christi 1991, no writ). Therefore, jury question number 1 was sufficient to encompass Safeco's requested question and instruction. Cross-point one is overruled.

In its last cross-point, Safeco complains the judgment should have been reduced by the amount of money paid to the Satterwhites by settling defendants pursuant to the one satisfaction rule.

The one satisfaction rule is a common-law doctrine designed to limit an injured party to a single recovery for one injury. *Stewart Title Guaranty Co. v. W. Dawson Sterling, Trustee*, 822 S.W.2d 1, 5 (Tex. 1991). Because Safeco failed to demonstrate that the settling defendants contributed to the same injury for which judgment was entered against it, we hold the trial court did not abuse its discretion in denying Safeco's request for offset. Cross-point four is overruled.

The trial court's judgment is affirmed.

Answer "He was a general agent" or "He was not a general agent".