**S.H., Appellant,**

v.

**NATIONAL CONVENIENCE STORES, INC. d/b/a Stop–N–Go, Appellee.**

**No. 01–95–01535–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1996.

Claude C. Phillips, Humble, for appellant.

Scott Rothenberg, Bellaire, for appellee.

Before SCHNEIDER, C.J., and WILSON and MIRABAL, JJ.

**OPINION**

WILSON, Justice.

In this appeal, we are asked to determine if the trial court committed error in excluding expert testimony, and failing to include in the charge to the jury a separate definition of "foreseeability." Appellant, S.H., was abducted at 10:30 a.m. by an unknown assailant from the premises of a Stop–N–Go, while she was using a pay phone outside of the store. She was driven to a remote location and sexually assaulted. S.H. sued Stop–N–Go for negligence and gross negligence based on premises liability. The jury returned a take-nothing verdict in favor of Stop–N–Go upon which the judge rendered judgment. We affirm.

**Exclusion of Testimony**

In point of error one, S.H. contends the trial court abused its discretion when it excluded the testimony of Sheriff Jack Heard, designated by S.H. as an expert witness. In reply point one, Stop–N–Go argues S.H. has not met her burden of providing this Court

with a sufficient record from which we may determine if the trial court committed reversible error.

To obtain a reversal on the grounds of improper exclusion of evidence, an appellant must show (1) the exclusion was error and (2) the error probably caused rendition of an improper judgment. TEX.R.APP.P. 81(b)(1); *Castro v. Sebesta*, 808 S.W.2d 189, 192 (Tex. App.—Houston [1st Dist.] 1991, no writ). S.H. provided a partial statement of facts in compliance with rule 53(d), which provides:

> If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

TEX.R.APP.P. 53(d). S.H. designated two points of error on appeal and timely submitted a partial statement of facts concerning those points to this Court. Stop–N–Go notes the partial statement of facts omits many parts of the record, including voir dire, opening and closing arguments, most of the testimony, and most of the exhibits.

Stop–N–Go contends it is well established in Texas that no appellant can prove a trial court has committed reversible error by excluding evidence without the entire statement of facts for the court's review, and argues it would impermissibly shift the burden to the appellee to supplement the record in these circumstances. We agree. Even when a party strictly complies with the requirements of rule 53(d), there are instances in which a partial record is not sufficient. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991) (partial statement of facts cannot support point of error challenging insufficient evidence). To determine if the exclusion of evidence constitutes reversible error, we must review the entire record. *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex.1992). A successful challenge to evidentiary rulings

requires the complaining party to show the judgment depends on the particular evidence excluded; this Court then determines whether the case turns on the excluded evidence by reviewing the entire record. *Merckling v. Curtis,* 911 S.W.2d 759, 772 (Tex.App.—Houston [1st Dist.] 1995, writ denied). To require Stop–N–Go to provide the complete record would unfairly shift the burden of proof in the appeal to them. *Tapiador v. North Am. Lloyds,* 772 S.W.2d 954, 955 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Galvin v. Gulf Oil Corp.,* 759 S.W.2d 167, 173 (Tex.App.—Dallas 1988, writ denied).[1]

We cannot determine from the incomplete record before us whether, if the trial court erred, any error was reversible. *See Grimm v. Grimm,* 864 S.W.2d 160, 163 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Galvin,* 759 S.W.2d at 173.

We overrule point of error one.

### Jury Charge on Foreseeability

In point of error two, S.H. contends the trial court erred in refusing to submit to the jury a definition of "foreseeability" distinct from the definition of proximate cause.

The trial court must submit questions and instructions necessary to enable the jury to reach a verdict. TEX.R.CIV.P. 277. We will not reverse based on the trial court's refusal to submit a requested instruction unless there is a clear abuse of discretion. *Merckling,* 911 S.W.2d 759, 768.

The record shows the court's charge to the jury defines proximate cause using the following language: "In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom." This instruction follows the recommended broad form submission. *See* 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 2.04 (1987). S.H. cites no authority, nor can we find any, to suggest a trial court abuses its discretion by not submitting a separate definition of foreseeability

when it is included in the definition of proximate cause.

We overrule point of error two.

We affirm the judgment.

(Tex.App.—Houston [1st Dist.] 1987, no writ).

---

1. We note the change in the law since our opinion in *Phaup v. Boswell,* 731 S.W.2d 625, 627