STEGER & BIZZELL, INC., Don Bizzell and Charles H. Steger, Appellants,

v.

VANDEWATER CONSTRUCTION, INC., Appellee.

No. 3-90-038-CV.

Court of Appeals of Texas, Austin.

June 12, 1991.

Craig A. Morton, Brown Maroney & Oaks Hartline, Austin, for appellants.

Diane M. Henson, Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before CARROLL, C.J., and POWERS and JONES, JJ.

JONES, Justice.

The opinion issued by this Court February 27, 1991, is withdrawn, and the following is filed in lieu thereof.

Charles Steger, Don Bizzell, and Steger & Bizzell, Inc. appeal from a judgment taken against them by VandeWater Construction, Inc. ("VandeWater") on claims of negligence, breach of express and implied warranties, and violations of the Texas Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com.Code Ann. §§ 17.41–.61 (1987 & Supp.1991). Appellants contend: (1) the jury trial was improperly held in Travis County because the only county in which venue was proper was Williamson County; (2) the jury's damage award was excessive. We will reverse and remand.

VandeWater is a construction company headquartered in Williamson County. In 1985 VandeWater purchased four lots, also located in Williamson County, from South Fork Development Corporation, an organization in which appellants Bizzell and Steger were principals. The two individuals were also principals of Steger & Bizzell, Inc., the company that designed the septic systems used in the homes VandeWater began building on the lots. For reasons not relevant to this appeal, VandeWater determined that the lots were unfit for building homes for later sale. It sought recovery from appellants and from other defendants not parties to this appeal.[1]

VandeWater filed suit in Travis County, alleging negligence, gross negligence, breach of express and implied warranties, and violations of the DTPA. As to venue, VandeWater pleaded only that "Steger & Bizzell, Inc. solicits business in Travis County, Texas." Appellants duly filed a motion to transfer venue to Williamson County, alleging it to be the only county where venue was proper. The trial court overruled the motion. Trial on the merits was conducted in Travis County, and the jury returned a verdict for VandeWater. The trial court rendered a judgment in accordance therewith, from which appellants filed this limited appeal on the grounds that: (1) venue was improper in Travis County, and (2) the jury awarded excessive damages.

Appellants contend that venue was improper in Travis County because VandeWater did not show an exception to the general venue rule, which requires that defen-

1. The other defendants were Jack Webernick, South Fork Development, Alan Grimsley, Doak Fling, and Ron Wood. None of these defendants has appealed.

dants be sued either in their county of residence or in a county in which all or a part of the plaintiff's cause of action arose. Tex.Civ.Prac. & Rem.Code Ann. § 15.001 (1987).

### PARTIAL STATEMENTS OF FACTS IN VENUE APPEALS

VandeWater argues initially that appellants have effectively waived their venue complaint by filing a partial statement of facts pursuant to Rule 53(d) of the Rules of Appellate Procedure. Rule 53(d) provides:

> If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

Tex.R.App.P. 53(d). VandeWater does not contend that appellants failed to follow the procedures set forth in Rule 53(d).[2] Rather, VandeWater asserts that Rule 53(d) does not apply to an appeal from a venue ruling. The Civil Practice and Remedies Code requires that "[i]n determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." Tex.Civ.Prac. & Rem.Code Ann. § 15.064(b) (1986). Because a venue review encompasses the "entire record," VandeWater argues that the Rule–53(d) presumption is overridden by the requirements of Rule 50(d): "The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal." Tex.R.App.P. 50(d). Thus, VandeWater asserts that we are obligated to presume that any matter omitted

from the statement of facts supports the trial court's venue determination. We disagree.

A historical review of the development of Rule 53(d) is helpful in construing its meaning. In 1941 the Rules of Civil Procedure were promulgated with high hopes of reducing the expense and delay of appeals. For example, Rule 370 provided:

> In view of the crowded condition of the dockets of the appellate courts, the record and briefs on appeal should be limited as far as possible to the questions relied on for reversal. The primary purpose of the courts is to administer justice between the parties with as little expense and delay as possible. Liberal provisions are therefore made in these rules for amendments on appeal to bring forward any material matter which may have been omitted. With this protection the bar is expected to cooperate in shortening the records in furtherance of the provisions of these rules.

Tex.R.Civ.P. 370 (1941). Rule 377(b), patterned after original Rule 75(e) of the Federal Rules of Civil Procedure (now Fed. R.App.P. 10), provided as follows: "All matters not essential to the decision of the questions presented on appeal shall be omitted.... All documents shall be abridged by omitting all irrelevant and formal portions thereof." Tex.R.Civ.P. 377(b) (1941). Rule 377(c) gave the appellee the opportunity to designate any material portions of the record that had been omitted by the appellant. One of the first groups of amendments to the Rules of Civil Procedure, effective December 31, 1941, included the adoption of Rule 377a:

> For the purpose of inducing the opposing party to accept an abbreviated transcript or statement of facts, the appellant, or the appellee to the extent that he complains of the judgment or any part there-

---

**2.** The transcript reflects that the jury's verdict was returned twenty-two days after the case was called to trial. Limiting their appellate complaints to improper venue and excessive damages, appellants requested the court reporter to prepare the following portions of the evidence: (1) cross-examination of Leslie VandeWater; (2) direct examination of Don Bizzell and Charles

H. Steger; (3) specified portions of the deposition testimony (read into evidence) of Jack Webernick, Dean Allen Grimsley, Lester Olen Fling, and Jason VandeWater; (4) several exhibits; and (5) appellants' objections to the court's charge. VandeWater did not designate any additional portions of the evidence to be included in the statement of facts.

of, may file with the clerk of the trial court a statement of the points on which he intends to rely on appeal; and he shall thereafter be limited to such points.

Tex.R.Civ.P. 377a (1941).

The drafters of the Rules of Civil Procedure clearly hoped to reduce the length of statements of facts, thereby minimizing the expense and delay so often associated with the appellate process. The drafters believed that the new rules eliminated the traditional presumption that any matter omitted from the statement of facts sustains the judgment. *See* Opinions Nos. 42 & 69, Subcommittee on Interpretation of Rules of Civil Procedure, 5 Tex.B.J. 236, 428 (1942).

The hopes of the drafters did not fully materialize. In 1968 the supreme court disagreed with the subcommittee's interpretation, holding that as to sufficiency-of-the-evidence complaints an appellant's burden to show error "cannot be discharged in the absence of a complete or an agreed statement of facts." *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968). The court expressly approved the court of civil appeals' holding that "[w]ith only a partial statement of facts before us we must presume that there was evidence to support the court's findings." *Id.* at 806. That same year the supreme court also held, albeit not in the context of a partial statement of facts, that showing an error of law committed by the trial court to have been harmful requires "a review of the entire record in the case." *Gomez Leon v. State,* 426 S.W.2d 562 (Tex.1968). These holdings undercut the ability of any appellant to use a partial statement of facts.

In 1981 the supreme court adopted extensive amendments to the relevant Rules of Civil Procedure. Rule 377a (permitting an appellant to limit his appellate points of error in order to "induce" the appellee to agree to accept an abbreviated statement of facts) was repealed; in its place a new Rule 377(d) made the limitation of appellate points a mandatory prerequisite for appealing with a partial statement of facts. The new rule provided that the satisfaction of that prerequisite resulted in a wholly new

presumption: "[T]hat nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal." Tex.R.Civ.P. 377(d) (1981). The provisions of old Rule 377(c) allowing an appellee to designate additional portions of the record were also included in new Rule 377(d).

In 1986 the supreme court adopted the Rules of Appellate Procedure. Rule 377(d) became Appellate Rule 53(d), without significant change.

■ Since 1981 a number of Texas courts have construed the effect of Rule 377(d) and its appellate-rule replacement, Rule 53(d). Not surprisingly, courts are in agreement that a failure to comply with the requirements of Rule 53(d) results in application of the "old" presumption that omitted matter supports the trial court's judgment. *See Schafer v. Conner,* 805 S.W.2d 554 (Tex.App.), *writ denied,* 34 Tex.Sup. Ct.J. 748 (June 19, 1991); *Southwestern Bell Tel. v. Cafi Co.,* 777 S.W.2d 778 (Tex. App.1989, no writ); *Prather v. McNally,* 757 S.W.2d 124 (Tex.App.1988, no writ); *Gibbs v. Greenwood,* 651 S.W.2d 377 (Tex. App.1983, no writ); *cf. National Surety Corp. v. Rushing,* 628 S.W.2d 90, 92–93 (Tex.App.1981, no writ). Without the benefit of the Rule–53(d) presumption, therefore, a party appealing a venue determination without a statement of facts can show neither error nor harm. *Flores v. Arrieta,* 790 S.W.2d 75 (Tex.App.1990, writ denied).

On the other hand, where an appellant has satisfied the requirements of Rule 53(d), the courts of appeals have disagreed about the meaning and effect of the new presumption. In *Galvin v. Gulf Oil Corp.,* 759 S.W.2d 167, 172–73 (Tex.App.1988, writ denied), the court stated in dictum that an appellant could show the erroneous admission of evidence to be harmful only by bringing up the entire statement of facts, while in *Phaup v. Boswell,* 731 S.W.2d 625, 627 (Tex.App.1987, no writ), the court had no trouble concluding from a partial statement of facts that an erroneous exclusion of evidence was harmful. In *Rowlett v. Colortek, Inc.,* 741 S.W.2d 206, 207–08 (Tex.App.1987, no writ), the court held that

notwithstanding the new presumption the entire statement of facts was necessary to review a no-evidence or insufficient-evidence point of error, while in *Alford v. Whaley,* 794 S.W.2d 920, 921, 923 (Tex. App.1990, no writ), the court held that the Rule–53(d) presumption permitted a review of the sufficiency of the evidence to support an attorney's fee award. In *Greenwood v. State,* 802 S.W.2d 10, 11–13 (Tex. App.1990, pet. granted), a criminal case, the court held that the Rule–53(d) presumption permitted review of a partial statement of facts to determine a jury-misconduct point of error, but not an insufficient-evidence point. One court has held that the presumption created by Rule 53(d) is rebuttable, so that the omission of evidence shown on the face of the record to have been considered by the trial court leaves in effect the general *Englander* presumption. *See Candelier v. Ringstaff,* 786 S.W.2d 41, 44 (Tex.App.1990, writ denied).

Our research has revealed only two cases in which the supreme court has addressed Rule 53(d). In *Producer's Construction Co. v. Muegge,* 669 S.W.2d 717 (Tex.1984), the trial court had, at the close of the plaintiff's case, recessed the trial to resolve scheduling problems and take several motions under advisement. Instead of holding further proceedings, however, the court eventually rendered final judgment a month later without ever allowing the defendant to put on any evidence. Meeting the requirements of Rule 377(d), the defendant brought up on appeal a partial statement of facts that included only the trial court proceedings from the close of the plaintiff's case in chief through the rendition of judgment. The court of appeals affirmed, holding that the action of the trial court was equivalent to rendering a directed verdict—an action not reviewable in the absence of a complete statement of facts. 670 S.W.2d 275. The supreme court reversed, holding that, with the aid of the Rule–377(d) presumption, the partial statement of facts was "sufficient for review of this error." 669 S.W.2d at 718.

In *Christiansen v. Prezelski,* 782 S.W.2d 842 (Tex.1990), the trial court allowed the defendant to call two expert witnesses out of turn. The plaintiff, appealing from an adverse jury verdict and judgment, brought up only a partial statement of facts, but did not comply with Rule 53(d). Nonetheless, the court of appeals found reversible error in allowing the two expert witnesses to testify out of order. 775 S.W.2d 764. The supreme court reversed, citing the burden to show error placed on an appellant by Rule 50(d) of the Rules of Appellate Procedure.

Although the supreme court reversed, the following paragraph from the court's opinion is highly instructive:

> An appellant must either comply with rule 53(d) or file a complete statement of facts; otherwise, it will be presumed that the omitted portions are relevant to the disposition of the appeal. A reviewing court must examine the entire record in a case in order to determine whether an error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Gomez Leon v. State,* 426 S.W.2d 562, 565 (Tex.1968). When an appellant has neither complied with rule 53(d) nor filed a complete statement of facts, the reviewing court is unable to ascertain whether a particular ruling by the trial court is harmful in the context of the entire case.

782 S.W.2d at 843.

A significant statement about the proper application of the Rule–53(d) presumption can be gleaned from the foregoing paragraph. First, the court followed its restatement of the *Gomez Leon* rule with the conclusion that "[w]hen an appellant has neither complied with rule 53(d) nor filed a complete statement of facts," a reviewing court cannot determine the harmfulness of an erroneous ruling. These statements suggest that if an appellant *does* comply with Rule 53(d), the reviewing court *may* determine the harmfulness of an error from a partial statement of facts. This proposition contradicts the dicta in *Galvin* that, Rule 53(d) notwithstanding, an appellant must present the entire statement of facts in order to demonstrate harm resulting from the erroneous admission of evidence. *See Galvin,* 759 S.W.2d at 172–73.

The paragraph from *Christiansen* also gives a clue to the supreme court's interpretation of the Rule–53(d) presumption that "nothing omitted from the record is relevant to ... the disposition of the appeal." The general *Englander* rule is usually phrased that an incomplete statement of facts gives rise to a presumption that the omitted matter "supports the trial court's judgment [or findings]." In *Christiansen*, however, the court stated that if an appellant neither complies with Rule 53(d) nor files a complete statement of facts, "it will be presumed that the omitted portions are relevant to the disposition of the appeal." 782 S.W.2d at 843. Omitting matter that is relevant to the disposition of an appeal sometimes prevents a reviewing court from finding error, but under *Gomez Leon* it always prevents a finding of harm. Hence, the court in *Christiansen* seems to have been saying that the Rule–53(d) presumption of irrelevancy applies to the appellant's demonstration of harm as well as error, thereby recognizing Rule 53(d) as an exception to the *Gomez Leon* rule.

■ The venue statute's requirement that a reviewing court must "consider the entire record" is, in our view, analogous to the *Gomez Leon* requirement that an appellate court must review the entire record to determine the harmfulness of trial-court error. We can think of no reason to treat them differently. We conclude, therefore, that Rule 53(d) applies to an appeal from a venue ruling, effectively creating an exception to the venue statute's "entire record" requirement.

VandeWater argues that if the Rule–53(d) presumption is applied in cases such as this one, "an appellant could comply with Rule 53(d) and set forth its limited issues on appeal, such as a 'no evidence' point and then designate no record to support its claims," thereby forcing the appellee to bear the expense of having the relevant portions of the statement of facts transcribed. We do not foresee such drastic consequences.

First, we do not address the question whether the Rule–53(d) presumption may properly be applied in reviewing no-evidence and insufficient-evidence points of error generally. We hold only that the presumption is applicable to points asserting improper venue.

Second, adequate remedies are already available for abuses such as that mentioned by VandeWater. For example, a reviewing court could require the appealing party to increase the amount of its cost bond to cover the expense of additional portions of the statement of facts. *See Tapiador v. North American Lloyds*, 772 S.W.2d 954 (Tex.App.1989, no writ); Tex.R.App.P. 49. In addition, if a reviewing court becomes aware that relevant portions of the statement of facts have been omitted, it could simply order that additional relevant portions be furnished at the appellant's expense. *See* Tex.R.App.P. 55. Finally, the appellant still has the burden to furnish a "sufficient record." Tex.R.App.P. 50(d). A gross abuse such as that suggested by VandeWater would, in our opinion, probably be a violation of Rule 50(d), at least. In that instance, a reviewing court could impose an appropriate sanction against the offending party. *See* Tex.R.App.P. 50(f); *see also* Tex. Gov't Code Ann. §§ 21.001, 21.002 (1988 & Supp.1991). In short, we do not believe that the application of Rule 53(d) to cases such as this one poses the danger of abuse that VandeWater fears.

■ In the present case, we conclude that appellants' proper designation of their points pursuant to Rule 53(d) entitles them to the presumption that nothing omitted from the record is relevant to the disposition of their appeal. Because the omitted matter is presumptively irrelevant to the disposition of the appeal, we presume that such matter has no bearing one way or the other on the conclusions as to error and harm that we make from the partial statement of facts before us. Accordingly, we will review the merits of appellants' complaints.

### VENUE UNDER THE DTPA

VandeWater defends the propriety of venue in Travis County on the ground that the DTPA expressly permits venue there. Section 17.56 of the DTPA provides:

An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or *in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.*

Tex.Bus. & Com.Code Ann. § 17.56 (1987) (emphasis added). VandeWater relies exclusively on the final, emphasized clause of the provision. Venue is proper, therefore, only if one of the defendants "solicited the transaction made the subject of the action at bar" in Travis County.

The present controversy revolves around the meaning of the above-cited language. Appellants contend that the clause is self-explanatory. Although VandeWater does not argue the clause is ambiguous, it urges us to determine in what county "the transaction" was "solicited" solely from the perspective of the seller, without reference to the activity—or existence—of the buyer. VandeWater apparently argues that the legislature intended venue to lie in any county in which the seller solicited *any* potential purchaser, irrespective of whether or not such efforts resulted in the transaction from which the action at bar arose. This construction would do violence to the language of section 17.56.

The term "solicit" means

[t]o appeal for something; to apply to for obtaining something; to ask earnestly; to ask for the purpose of receiving; to endeavor to obtain by asking or pleading; to entreat, implore, or importune; ... The term implies personal petition and importunity *addressed to a particular individual* to do some particular thing.

Black's Law Dictionary 1248–49 (5th ed. 1979) (emphasis added). The term "transaction" has been defined as:

Act of transacting or conducting any business; negotiation; management;.... It must therefore consist of an act or

agreement, or several acts or agreements having some connection with each other, *in which more than one person is concerned,* and by which the legal relations of such persons between themselves are altered.

Black's Law Dictionary 1341 (5th ed. 1979) (emphasis added); *cf. Miles v. Starks,* 590 S.W.2d 223, 227 (Tex.Civ.App.1979, writ ref'd n.r.e.). The word "the" is defined as

An article which particularizes the subject spoken of. "... The most unlettered persons understand that 'a' is indefinite, but 'the' refers to a certain object."

Black's Law Dictionary 1324 (5th ed. 1979); *cf. Fischer v. Reissig,* 143 S.W.2d 130, 131 (Tex.Civ.App.1940, writ ref'd). First, then, both a solicitation and a transaction necessarily involve the participation of more than one party. A seller may not "solicit" or "transact" alone; he must have a buyer to whom he directs his solicitation or with whom he completes a transaction. Viewing the matter solely from the perspective of the seller is, therefore, inadequate to determine venue under the wording of section 17.56. Next, the term "the" preceding the term "transaction" indicates that the statute is referring to the solicitation of one particular transaction. The modifying phrase, "made the subject of the action at bar," which follows and modifies the phrase "the transaction," defines the referenced transaction as being the particular one that is the basis, or part of the basis, of the lawsuit.

■ VandeWater cites *Big Rock Properties Texas, Inc. v. King,* 613 S.W.2d 804 (Tex.Civ.App.1981, no writ), in support of its view of the statute. Although vague in its recitation of the facts, *Big Rock* can be read to hold that the mere placing of an advertisement in a telephone directory circulated in a particular county constitutes solicitation of transactions in that county, such that venue would lie therein for a lawsuit arising from any transaction involving the product or service advertised, without regard to where—or whether—the injured consumer had seen the advertisement. If *Big Rock* does so hold, we decline to follow it. The mere fact that a company

may have a listing in the telephone book of a county is, by itself, insufficient to permit venue in that county without an additional showing that the plaintiff saw the listing there and dealt with the defendant as a result of having seen it.

■ In the present case, the parties bought and sold the four lots in Williamson County. Therefore, only if one of the appellants solicited *VandeWater* in Travis County to purchase these four lots was venue proper there. The undisputed evidence shows, however, that the VandeWater transaction was solicited in Williamson County. Leslie VandeWater, a realtor who was also a principal of VandeWater, read about the lots in the Austin Multiple Listing Service. VandeWater admits that it purchased the lots as a result of Ms. VandeWater's having seen this information. The publication has a circulation including both Williamson and Travis Counties, but Ms. VandeWater read her copy of it in Williamson County. Accordingly, appellants solicited "the transaction made the subject of the action at bar" in Williamson County.

At the hearing on the motion to transfer venue, VandeWater offered evidence that, at the time it hired appellants, their business was listed in the Austin telephone directory. VandeWater conceded, however, that the directory listing played no part in inducing it to use appellants' services. VandeWater admittedly based its decision to hire Steger & Bizzell, the septic system designer, on the recommendations of a firm not a party to the lawsuit. Because VandeWater did not see or rely on the telephone-directory listing in retaining appellants' services, the listing is irrelevant to this issue. It did not constitute solicitation of *this* transaction.

Because all of the events amounting to solicitation of "the transaction made the subject of the action at bar" occurred in Williamson County, the final clause of section 17.56 does not permit venue in Travis County. We hold that venue was proper only in Williamson County. In light of our decision as to appellants' venue point, we do not address their point concerning excessiveness of damages.

We reverse the trial court's judgment and remand the cause with instructions that it be transferred to Williamson County.