JOHNSON 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00065-CR







Carolyn Johnson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 376,971, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







 Appellant Carolyn Johnson was convicted of driving while intoxicated ("DWI"). 
See Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex.
Rev. Civ. Stat. Ann. art. 6701l-1(b), since amended and codified at Tex. Penal Code Ann.
§ 49.04). The court sentenced her to 120 days in jail and assessed a $1000 fine, probating all the
jail time and all but $400 of the fine. In four points of error, appellant complains that the trial
court erred in refusing to appoint counsel to represent her on appeal, in failing to adequately
admonish her on the disadvantages of proceeding pro se, and in admitting an edited DWI
videotape into evidence. We will affirm the conviction.



BACKGROUND


 Appellant retained an attorney to represent her at trial. After appellant was
sentenced, the trial court permitted the attorney to withdraw pursuant to his written contract with
appellant, which stated that "the legal fee does not include services or expenses for an appeal or
retrial of this matter." Appellant requested court-appointed counsel to defend her on appeal, but
the trial court found appellant was not indigent at a January 5, 1994 indigency hearing and denied
her request.

 After retaining new counsel for her appeal, appellant raised four points of error. 
Appellant contends that the trial court erred in: (1) failing to find she was indigent because she
received no assistance of counsel at the indigency hearing and because the court did not adequately
admonish her of the dangers and disadvantages of proceeding pro se; (2) overruling her oral
motion for new trial because she received no assistance of counsel at the indigency hearing and
because the court did not adequately admonish her of the dangers and disadvantages of proceeding
pro se; (3) allowing the State to edit the audio portion of a DWI videotape in a manner that
violated her rights to a fair trial; and (4) allowing the State to introduce into evidence any portion
of the DWI videotape created after she invoked her right to an attorney and her right to remain
silent.



DISCUSSION


 We first address appellant's contention that the trial court committed reversible
error at the indigency hearing. Appellant's first two points of error are based on her claim that
a defendant is entitled to representation of counsel at an indigency hearing and that in the absence
of such representation, the trial court is required to admonish the defendant of the dangers of self-representation.

 Appellant was represented by retained counsel at trial, but trial counsel withdrew
after appellant was sentenced. Appellant requested court-appointed representation and a free
statement of facts to appeal her DWI conviction. Article 26.04 of the Code of Criminal Procedure
outlines the procedure for determining a defendant's eligibility for court-appointed counsel. 
Article 26.04 requires in pertinent part:



(c) A defendant who requests a determination of indigency and appointment of
counsel shall:


 (1) complete under oath a questionnaire concerning his financial
resources;


 (2) respond under oath to an examination regarding his financial
resources by the judge or magistrate responsible for determining
whether the defendant is indigent; or


 (3) complete the questionnaire and respond to examination by the
judge or magistrate.


(d) Before making a determination of whether a defendant is indigent, the court
shall request the defendant to sign under oath a statement substantially in the
following form:


 "On this _____ day of _________, 19___, I have been
advised by the (name of the court) Court of my right to
representation by counsel in the trial of the charge pending
against me. I certify that I am without means to employ
counsel of my own choosing and I hereby request the court
to appoint counsel for me. (signature of the defendant)"



Tex. Code Crim. Proc. Ann. art. 26.04(c), (d) (West 1989). In this case, the trial court complied
with Article 26.04. Appellant was granted a hearing on indigency and responded under oath to
the trial court's questions regarding her financial resources. Appellant also signed a form
acknowledging that she had been informed of her right to counsel and that she would be entitled
to a court-appointed attorney if found indigent. The trial court then determined that appellant was
not indigent and, thus, not entitled to court-appointed counsel for purposes of her appeal.

 We must first determine whether a convicted defendant who was represented by
retained counsel at trial and who seeks a finding of indigency for purposes of appeal is entitled
to court-appointed counsel during an indigency hearing. Second, if the defendant is not entitled
to court-appointed counsel, we must determine whether the trial court is required to admonish a
defendant of the dangers and disadvantages of representing herself at an indigency hearing.

 Appellant sought free legal counsel for purposes of appeal and not for purposes of
her indigency hearing. "The Sixth Amendment to the United States Constitution guarantees that
`[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defence.'" Green v. State, 872 S.W.2d 717, 719 (Tex. Crim. App. 1994). A
defendant--indigent or otherwise--is entitled to be represented by counsel in a criminal matter, but
only in an adversarial judicial proceeding. Tex. Code Crim. Proc. Ann. art. 1.051(a), (c) (West
Supp. 1995). The statute does not define adversarial judicial proceedings, but we note that, under
any definition, such proceedings necessarily commence at some point during the pretrial stages. 
We must determine whether an indigency hearing constitutes a "critical stage" of adversarial
judicial proceedings so as to invoke the right to counsel. 



Not every event following the inception of adversary judicial proceedings
constitutes a "critical stage" so as to invoke the right to counsel under the Sixth
Amendment. In assessing whether a particular stage of the pre-trial proceeding is
a "critical" one, the test utilized by the Court has called for examination of the
event in order to determine whether the accused required aid in coping with legal
problems or assistance in meeting his adversary. In essence, we must scrutinize
any pre-trial event with a view to ascertaining whether presence of counsel is
necessary to assure fairness and the effective assistance of counsel at trial, which
is, after all, "the core purpose of the counsel guarantee . . . , when the accused [is]
confronted with both the intricacies of the law and the advocacy of the public
prosecutor."



Green, 872 S.W.2d at 720-21 (citations omitted). Green involved pretrial proceedings, but the
rationale underlying the critical-stage concept applies equally to post-trial proceedings. The right
to counsel extends to the appellate process. Webb v. State, 533 S.W.2d 780, 783 (Tex. Crim.
App. 1987). Therefore, it logically follows that the critical-stage prerequisite to the right to
counsel also extends to post-trial proceedings. 

 Not every post-trial event is a critical stage invoking the right to counsel. The sole
purpose of an indigency hearing is to determine the purely factual matter of whether a defendant
can afford to employ counsel. See Tex. Code Crim. Proc. Ann. art. 1.051(b) (West Supp. 1995). 
In the present case, the State called one witness to testify concerning a single issue--the reasonable
fee for an attorney to handle an appeal. It is apparent that the indigency hearing in this case was
not one in which appellant was "confronted with both the intricacies of the law and the advocacy
of the public prosecutor." Representation by counsel, although generally a good idea, would not
have significantly assisted appellant in answering the court's questions regarding her financial
resources. Appellant would have gained nothing by the presence of and lost nothing in the
absence of an attorney at her side during the indigency hearing. We thus hold under the present
facts that appellant was not entitled to have the trial court appoint counsel for her at the indigency
hearing.

 We further conclude that appellant was not entitled to any admonishment from the
trial court concerning the dangers and disadvantages of self-representation at the indigency
hearing. Appellant maintains that Article 1.051(g) of the Texas Code of Criminal Procedure
imposes a mandatory duty upon the trial court to advise a defendant who wishes to waive her right
to counsel of the dangers and disadvantages of self-representation. Appellant complains that the
trial court gave her no warning of the dangers of proceeding without an attorney, nor did it secure
a waiver of counsel before the hearing commenced. Appellant further argues that Article 1.051(e)
of the Code of Criminal Procedure requires the court to provide ten days' notice to the defendant
if it intends to proceed with a matter without securing a written waiver or appointing counsel.

 The United States Supreme Court in Faretta v. California, 422 U.S. 806 (1975),
held that an accused may waive his right to assistance of counsel and opt to represent himself at
trial after being informed of the dangers and disadvantages of self-representation. Id. at 835. 
However, an admonishment as to the possible consequences of proceeding pro se need only be
given where the defendant contests guilt. Johnson v. State, 614 S.W.2d 116, 119 (Tex. Crim.
App. 1981) (opinion on rehearing); Cooper v. State, 854 S.W.2d 303, 304 (Tex. App.--Austin
1993, no pet.). In Johnson, the defendant entered a plea of guilty "voluntarily, knowingly, and
intelligently and did not contest his guilt." Johnson, 614 S.W.2d at 119. The court
acknowledged that the defendant had appeared in court without counsel but explained that the
requirement that the trial court admonish the accused of the dangers and disadvantages of self-representation is not automatically triggered whenever an accused appears in court without
counsel. Id. The court held that the concept of self-representation established in Faretta applies
only to a person contesting, rather than confessing, guilt. Id. For instance, a trial court must
warn a defendant of the hazards of proceeding without counsel when representing herself at trial
on a plea of not guilty. Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). 
However, a trial court need not admonish a defendant before approving a waiver of his right to
counsel and accepting a plea of guilty or no contest. Johnson, 614 S.W.2d at 119; Cooper, 854
S.W.2d at 304. 

 The duty to warn under Article 1.051(g) arises only when a defendant with an
existing right to counsel wishes to waive that right. See Tex. Code Crim. Proc. Ann. art.
1.051(g) (West Supp. 1995). In this case, the indigency hearing was not a critical stage in the
adversarial judicial proceedings to which the right to representation attached. Because appellant
had no existing right to counsel at the indigency hearing, we hold under these facts that she was
not entitled to have counsel appointed to represent her and that, because guilt was not in issue,
the trial court was not required to admonish her of the dangers of proceeding pro se.

 Furthermore, Article 1.051(e) of the Texas Code of Criminal Procedure does not
require the court to provide ten days' notice to appellant in this case. The provision mandates:



If a nonindigent defendant or an indigent defendant who has refused appointed
counsel in order to retain private counsel appears without counsel at a proceeding
after having been given a reasonable opportunity to retain counsel, the court, on
10 days' notice to the defendant of a dispositive setting, may proceed with the
matter without securing a written waiver or appointing counsel.



Tex. Code Crim. Proc. Ann. art 1.051(e) (West Supp. 1995). At the time of the indigency
hearing, appellant did not qualify as a "nonindigent defendant" or as an "indigent defendant who
has refused appointed counsel." Appellant was before the trial court for a determination of
indigency. The statute clearly applies after that determination is made. Accordingly, we overrule
appellant's first point of error.

 In her second point of error, appellant argues that the trial court erred in overruling
appellant's oral motion for new trial, which she made at the indigency hearing, because she
received no assistance of counsel at the hearing and was not adequately admonished as to the
possible consequences of proceeding pro se. At the conclusion of the indigency hearing and after
the trial court had found that appellant was not indigent, the trial court commented that there was
no motion for new trial to address unless appellant desired to make an oral motion at that time. 
The court explained that appellant had to have grounds before she could make a motion for new
trial. In response, appellant stated that she would indeed like a new trial. The trial court denied
her request.

 Appellant argues that the trial court transformed the indigency hearing into an
adversarial judicial proceeding by entertaining her motion for new trial and that, in doing so, the
court established appellant's right to representation. Specifically, appellant claims that the trial
court was required to warn her of the dangers and disadvantages of proceeding pro se in this
adversarial judicial proceeding. Because she was not warned, appellant claims that the case
should be remanded for a hearing on a motion for new trial.

 Appellant's second point of error is unfounded. No motion for new trial was
before the court for consideration. In order to be entitled to a hearing at which evidence
warranting a new trial can be introduced, appellant must meet certain prerequisites. Burns v.
State, 844 S.W.2d 934, 935 (Tex. App.--Amarillo 1992, no pet.) (citing Trout v. State, 702
S.W.2d 618, 620 (Tex. Crim. App. 1985)). A timely filed motion for new trial containing
allegations which, if true, would require the trial court to order a new trial is one of those
prerequisites. Id. 

 The right to move for new trial is purely statutory. Port v. State, 798 S.W.2d 839,
846 (Tex. App.--Austin 1990, pet. ref'd) (citing Drew v. State, 743 S.W.2d 207, 222 (Tex. Crim.
App. 1987)); see Tex. R. App. P. 31(a)(1) ("A motion for new trial if filed may be filed prior to,
or shall be filed within 30 days after, date sentence is imposed or suspended in open court."). The
remedy must be pursued in the manner prescribed by the statute. Port, 798 S.W.2d at 847. "A
`new trial' is the rehearing of a criminal action after a finding or verdict of guilt has been set
aside upon motion of the accused." Tex. R. App. P. 30(a) (emphasis added). In other words, a
motion for new trial is the defendant's prerogative. Appellant in this case chose not to exercise
that prerogative. She did not file a motion for new trial and in no way attempted to comply with
the procedure set forth in Rule 31 of the Texas Rules of Appellate Procedure.

 A trial court has no power to grant a new trial on its own motion, and if it does so,
such act is void. Perkins v. Court of Appeals, 738 S.W.2d 276, 280 (Tex. Crim. App. 1987). 
Thus, the trial court's question to appellant during the indigency hearing as to whether she desired
to move for a new trial could not and did not place a motion for new trial before the court. See
Dugard v. State, 688 S.W.2d 524, 528 (Tex. Crim. App. 1985). The indigency hearing was
conducted solely to determine whether appellant was indigent for purposes of appeal. Because
there was no motion for new trial properly before the court, the indigency hearing was not a
critical stage in the adversarial judicial proceedings, and appellant's right to representation was
not established. Thus, appellant was not entitled to an admonishment as to the dangers and
disadvantages of self-representation. We overrule appellant's second point of error.

 In her third point of error, appellant alleges that the trial court erred in allowing
the State to continuously adjust the volume of the audio portion of a DWI videotape when the
videotape was published to the jury in violation of her rights to a fair trial. Appellant contends
in her fourth point of error that the trial court erred in allowing the State to introduce into
evidence any portion of the DWI videotape recorded after appellant invoked her right to counsel.

 Appellant has failed to file a complete statement of facts. Appellant filed a
statement of facts from a January 12, 1993 pretrial hearing and from the indigency hearing that
took place on January 5, 1994. Appellant also filed a supplemental statement of facts from a May
16, 1994 hearing. However, appellant's partial statement of facts failed to include the statement
of facts, or even a portion thereof, from the actual trial.

 Rule 53(d) allows an appellant to prepare a partial statement of facts. Tex. R. App.
P. 53(d). The purpose of the rule is to reduce the length of the statement of facts, thereby
minimizing the expense and delay often associated with the appellate process. Steger & Bizzell
v. Vandewater Constr., Inc., 811 S.W.2d 687, 690 (Tex. App.--Austin 1991, writ denied). The
rule requires, however, that appellant "shall include in his request or proposal a statement of the
points to be relied on and shall thereafter be limited to such points." Tex. R. App. P. 53(d). If
this statement of points is filed, a presumption is established on appeal that nothing omitted from
the record is relevant to any of the specified points or to the disposition of the appeal. Id. 

However, if appellant fails to comply with the requirements of Rule 53(d), "it will be presumed
that the omitted portions are relevant to the disposition of the appeal." Christiansen v. Prezelski,
782 S.W.2d 842, 843 (Tex. 1990). An appellate court cannot determine whether a particular trial
court ruling constitutes either error or harm in the context of the entire case if appellant has
neither complied with Rule 53(d) nor filed a complete statement of facts. Id. 

 Appellant did not request a complete statement of facts nor did she designate in her
partial statement of facts the points to be relied upon on appeal. Because of appellant's
noncompliance with Rule 53(d), we must presume that the omitted portion of the statement of
facts, specifically the statement of facts from the actual trial, is relevant to the disposition on
appeal.

 Appellant has the burden to present a record to the appellate court sufficient to
show error that demands reversal. Tex. R. App. P. 50(d). By failing to present a statement of
facts from the actual trial, appellant has failed to show the trial court's rulings to which she
attributes error and, thus, has presented nothing for review. Montalvo v. State, 846 S.W.2d 133,
137 (Tex. App.--Austin 1993, no pet.). We do not know whether a DWI videotape was admitted
into evidence. If it was, we do not know whether the State actually edited the audio portion of
the videotape as asserted by the appellant, whether objections were made in a timely and specific
manner, whether the trial court ruled on each specific objection, or whether appellant properly
preserved error for review. Thus, we overrule appellant's third and fourth points of error.


 The judgment of conviction is affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 8, 1995 

Publish