Jamon R. **BENSON**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–9953.

Court of Appeals of Alaska.

April 6, 2012.

Robert Lee Griffin, Assistant Public Advocate, and Rachel Levitt, Public Advocate, Anchorage (opening brief), and Dan S. Bair, Assistant Public Advocate, and Richard Allen, Public Advocate, Anchorage (reply brief), for the Appellant.

Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## *OPINION*

COATS, Chief Judge.

Jamon R. Benson applied to be represented by an attorney at public expense. The trial court initially appointed an attorney, but later found that Benson was not indigent and did not qualify for counsel at public expense. Benson represented himself at trial and was convicted of misconduct involving a controlled substance in the third degree.[1] He was sentenced to three years of imprisonment. On appeal, Benson argues that the superior court erred by not acting sua sponte to appoint counsel to assist him when the court was deciding whether he qualified for appointment of an attorney at public expense. We conclude that the court did not commit plain error.

*Factual and procedural background*

In the spring of 2005, Benson was indicted for misconduct involving a controlled substance in the third degree. At his arraignment, Benson requested a court-appointed attorney. After conducting a financial inquiry, Superior Court Judge Michael I. Jeffery

---

1. AS 11.71.030(a)(1).

appointed the Office of Public Advocacy to represent Benson.

On May 20, 2005, the Office of Public Advocacy filed a motion to have the trial court determine if Benson was eligible for appointment of counsel at State expense. The Office of Public Advocacy indicated that it had obtained financial information about Benson that it was required to bring to the attention of the court. The Office of Public Advocacy pointed out that it was required to file this information with the court under Alaska Administrative Rule 12(d) and (f). Rule 12(d) states:

> [T]he office of public advocacy shall accept appointments only in those cases for which the basis for the appointment is clearly authorized. If the ... office determines that the basis for an appointment is not clearly authorized, the ... office shall file with the court a motion to withdraw from the appointment.

Rule 12(f)(2) states:

> An attorney appointed to represent an indigent person must move to withdraw if the attorney reasonably believes that the person has made a material misrepresentation of the person's financial status to the court. A material misrepresentation is a misrepresentation of facts that would make the person financially ineligible for appointed counsel.

Superior Court Judge Richard H. Erlich issued an order requiring Benson to complete and submit a financial statement to the court. Benson filed a financial affidavit listing $7,870 in assets and debts of at least $75,000. At an omnibus hearing on June 15, Judge Erlich ruled that Benson qualified for appointed counsel and ordered the Office of Public Advocacy to continue to represent him.

On June 16, the Office of Public Advocacy filed a motion under seal to withdraw from representation of Benson on the ground that Benson was not financially eligible for court-appointed counsel. The matter was assigned to Superior Court Judge Ben Esch. Judge Esch concluded that Benson possessed the financial resources to hire a private attorney and granted the Office of Public Advocacy's motion to withdraw.

The matter was referred back to Judge Erlich. On June 24, Judge Erlich informed Benson that Judge Esch had entered an order allowing his court-appointed counsel to withdraw. He told Benson that he would have to hire his own attorney. Judge Erlich informed Benson that he could challenge Judge Esch's decision that Benson was not financially qualified to have the court appoint an attorney to represent him at public expense. Judge Erlich also explained to Benson in detail the advantages of being represented by an attorney and the dangers of self-representation.

On July 20, 2005, Benson asked for the presiding judge to review Judge Esch's determination that he was ineligible for court-appointed counsel. Superior Court Judge Niesje J. Steinkruger, the presiding judge of the Fourth Judicial District, was assigned to review Judge Esch's decision. Judge Steinkruger issued an opinion affirming Judge Esch's decision that Benson did not financially qualify for court-appointed counsel. Benson petitioned this court to review Judge Steinkruger's order. We denied the petition for review.

Subsequently, Benson represented himself at trial and was convicted of misconduct involving a controlled substance in the third degree. This appeal followed.

*The superior court did not commit plain error by not appointing counsel to assist Benson when it determined his eligibility for court-appointed counsel*

Benson points out that, when the Office of Public Advocacy determined that it was obligated to bring the information it had discovered about Benson's financial eligibility for court-appointed counsel, he was no longer represented by counsel and that the Office of Public Advocacy's interests were adverse to his. He argues that under this circumstance, the superior court should have, sua sponte, appointed counsel to represent him when the court was determining whether he qualified for court-appointed counsel.

█ Under both the Sixth Amendment of the U.S. Constitution and article I, section 11

of the Alaska Constitution, indigent defendants enjoy the right to court-appointed counsel for every "critical stage" of the proceedings against them.[2] But Benson has not presented any authority for his position that the determination of his eligibility for counsel at public expense was a "critical stage," and the authority which we are aware of is contrary to that position. For instance, in *State v. Wickstrom*,[3] the defendant was initially represented by an assistant public defender who asked the court to review whether he was financially qualified for representation at public expense.[4] The court concluded that Wickstrom did not qualify.[5] Wickstrom obtained a private attorney.[6] After Wickstrom was convicted, he alleged that the court erred in not appointing independent counsel to represent him during the time when the court was deciding whether he qualified for the appointment of counsel at public expense. He argued that the public defender had a conflict of interest on this issue.[7] The court concluded that this appellate issue was moot, because Wickstrom was able to obtain counsel to represent him at trial.[8] But the court concluded that the issue had sufficient importance for it to find an exception to the mootness doctrine.[9] The court defined the issue as follows: "[w]hether a defendant, whose appointed counsel seeks review of an initial indigency determination, is entitled to separate representation for purposes of that review."[10]

The *Wickstrom* court recognized that a defendant "is entitled to counsel at any critical stage of the prosecution."[11] But the court concluded that:

> Wickstrom had no right to counsel at the hearing on review of the indigency determination. The purpose of the hearing was to determine if Wickstrom was indigent. The court's review of an initial determination does not change the nature of the proceeding. No witness testified concerning Wickstrom's guilt. The indigency proceeding was not a critical stage in the prosecution at which Wickstrom was entitled to counsel.[12]

In *Johnson v. State*,[13] Carolyn Johnson was charged with driving while intoxicated.[14] She was represented by a retained attorney at trial.[15] After her conviction, her trial counsel withdrew and Johnson asked to have an attorney appointed at public expense.[16] The trial court determined that Johnson was not indigent and therefore was not entitled to court-appointed counsel to represent her on appeal.[17] On appeal, Johnson argued that she was entitled to court-appointed counsel during the indigency hearing.[18] The court concluded that the indigency hearing was not a critical stage of the judicial process where Johnson was entitled to be represented by counsel.[19] Therefore, the most applicable case law available establishes that the determination of eligibility for appointed counsel is not a critical stage of the case.

■ Benson never argued to the superior court that he was constitutionally entitled to have conflict counsel appointed to litigate the issue of his indigency. Thus, Benson has not

---

2. *Rothgery v. Gillespie County*, 554 U.S. 191, 211–12, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008); *Gideon v. Wainwright*, 372 U.S. 335, 343–45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Roberts v. State*, 458 P.2d 340, 342–43 (Alaska 1969).

3. 118 Wis.2d 339, 348 N.W.2d 183 (App.1984).

4. *Id.* at 187.

5. *Id.*

6. *Id.*

7. *Id.* at 188.

8. *Id.* at 187.

9. *Id.* at 187–88.

10. *Id.*

11. *Id.* at 188.

12. *Id.*

13. 894 S.W.2d 529 (Tex.App.1995).

14. *Id.* at 531.

15. *Id.* at 531.

16. *Id.* at 531–32.

17. *Id.* at 532.

18. *Id.*

19. *Id.* at 533.

preserved the argument that he now makes on appeal, the argument that he was constitutionally entitled to conflict counsel. Because this issue is raised for the first time on appeal, it may only be reviewed for plain error. In order to show plain error, an appellant must establish that an error occurred and that the error "(1) was not the result of intelligent waiver or a tactical decision not to object; (2) was obvious; (3) affected substantial rights; and (4) was prejudicial." [20]

■ Because the only authority that we have found undercuts Benson's position, it follows that the superior court did not commit plain error when it did not, sua sponte, appoint conflict counsel to represent Benson to aid him when the court was determining whether he financially qualified for the appointment of an attorney at court expense.

*Conclusion*

The judgment of the superior court is AFFIRMED.

20. *Adams v. State*, 261 P.3d 758, 764 (Alaska 2011).