**Vacate order; Reinstate Verdict; and Remand; Opinion Filed October 17, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-01297-CR**

**THE STATE OF TEXAS, Appellant**
**V.**
**LINO MORALES, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-39956**

## OPINION

Before Justices Moseley, Lang, and Richter[1]
Opinion by Justice Lang

Following a plea of not guilty, appellee Lino Morales was convicted by a jury of indecency with a child. Prior to assessment of punishment, the trial court signed an order granting appellee a new trial. The State appeals that order. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3) (West Supp. 2012) (authorizing State to appeal order granting new trial in criminal case). In a single issue, the State contends in part that the trial court "reversibly erred and abused its discretion by granting appellee a new trial sua sponte" and such act was "void." We vacate the trial court's order, reinstate the jury's guilty verdict, and remand this case to the trial court for further proceedings consistent with this opinion.

---

[1] The Hon. Martin Richter, Justice, Assigned

# I. FACTUAL AND PROCEDURAL BACKGROUND

Before trial in this case, appellee elected to have punishment assessed by the jury in the event of a guilty verdict. Following the presentation of evidence in the guilt/innocence phase of trial, the jury was charged, in part

> During your deliberation in this case, you must not consider, discuss, or relate any matters not in evidence before you. You should not consider or mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence, nor shall you in deciding your verdict discuss the punishment which may be assessed in the event that the defendant is found guilty.

The jury deliberated and found appellee guilty. After the jury's verdict was read on the record, defense counsel requested, in the jury's presence, that the jury be polled "individually." The trial judge stated, "If that is the verdict of each of you, please raise your right hand. The record will reflect all hands are raised."

After a recess, defense counsel requested outside the presence of the jury that punishment be assessed by the trial court. The State had no objection. The trial court granted the request.

Upon the jury's return to the courtroom, the trial judge stated to the jury that their obligations as jurors had been completed. Further, the trial judge told the jurors that she would meet with them in the deliberation room to "answer any questions that you may have" and they would then be free to leave.

A short time later, outside the presence of the jury, the trial judge stated in part

> Let the record reflect that the Court did go back to speak with the jurors, and they—I said, Do you have any questions? And the presiding juror says, Well, you know, Judge, remember, some of us weren't convinced that he was guilty, but we all agreed that the maximum punishment was too much. And that—so they were planning already—they had—my understanding is what she was telling me is that during their deliberations, they were discussing what the punishment should be. And before they told me what they thought the punishment should— was going to be, I just stopped it.
> So I don't know how to do this. Do y'all want to bring people in? Do you want to interview them? Is there anything that should be done?

That's why they came back. I mean, how could—I mean, it looks like it was a compromise, so I don't know.

After another recess, an exchange occurred outside of the jury's presence among the trial court and counsel respecting how the case should proceed.[2] At the conclusion of that exchange,

---

[2] That exchange included, in part, the following:

| | |
|---|---|
| THE COURT: | Back on the record in the Morales matter. Okay. So I'm going to go ahead—since neither side wants the jury to be brought back in and polled, then the Court is not going to do that. Okay?<br>So anything else from the State at this point? |
| [THE STATE]: | No, Judge. |
| THE COURT: | So you're ready to proceed to the punishment? |
| [THE STATE]: | Yes—yes, Judge. |
| THE COURT: | [Counsel for the defense], do you have anything? |
| . . . .<br>[DEFENSE COUNSEL]: | Judge, we would argue to the Court that proceeding to punishment, based upon what's already been made a matter of record, will not be appropriate to the extent that—even though the jury said we have a verdict, we know that, in fact, though, is really not a verdict. And we'll, at this point, ask that the Court consider something in the nature of a mistrial. |
| THE COURT: | Okay. Something in the nature of a mistrial? |
| [DEFENSE COUNSEL]: | Well, a mis—a mistrial is—we would ask the Court to consider a mistrial— |
| THE COURT: | Okay. |
| [DEFENSE COUNSEL]: | —to—to release my client from these disabilities to the extent that, as a matter of fact, the verdict is not—is not in keeping with the law. |
| THE COURT: | Okay. Well, can—what—under what statute on the mistrial? Because up to this point, we've been talking about a new trial. |
| [DEFENSE COUNSEL]: | Yes. |
| THE COURT: | And if there's a difference, I don't know. Is the Prosecutor agreeing to a mistrial? |
| [THE STATE]: | No, Judge. |
| . . . .<br>[DEFENSE COUNSEL]: | Judge, it's—it's going to require me to do a bit of research to look at the mistrial issue— |
| THE COURT: | Okay. |
| [DEFENSE COUNSEL]: | —but, certainly—you know, it's Defense position that my client, based on what has occurred after the jury verdict, is entitled to a motion for new trial. |
| THE COURT: | A motion for new trial? |
| [DEFENSE COUNSEL]: | Yes. |
| THE COURT: | I see. Okay. Well, okay. What does the State have to say about motion for new trial? |

–3–

| | |
|---|---|
| [THE STATE]: | Judge, I—I would argue that case law has established that a new trial is not necessary, because—I would point to the Glover case where it specifically addresses the issue of a juror coming back and saying something different than what he or she said when they were—when their verdict was rendered. And they can't go back and impeach his own verdict and that this does not rise to jury misconduct. |
| THE COURT: | I see. Well, okay. Other than—okay. So you want to argue the—the motion right now? |
| [THE STATE]: | Well, no. I—I would like to proceed to punishment. |
| THE COURT: | Right. But what am I supposed to do with his motion for new trial? |
| [THE STATE]: | I mean, I would—I would ask to set it for a hearing date. I don't know that it's— |
| THE COURT: | Okay. |
| [THE STATE]: | —it's timely. |
| THE COURT: | So I'm just going to go ahead and let the jurors go then. For sure we can do that. Because the law is clear, you can't—I mean, you want to have a hearing on the motion for new trial right now because you'd be prohibited from—from calling witnesses? Do you need more time to research? |
| [DEFENSE COUNSEL]: | No, I would need more time to research it, Judge. |
| THE COURT: | Okay. . . . Well, just get a date for the hearing. I held his bond insufficient earlier. |
| [DEFENSE COUNSEL]: | Yes, Judge. |
| . . . . | |
| THE COURT: | Well, the problem that I have is that the reason I found the bond insufficient is because I believed we were going right into punishment, and the only possible outcome would have been prison time. . . . But since we have a pending motion for a new trial and because of what the presiding juror told me, then I am, at this time, undoing that and allowing him to remain out on bond while the case is pending. |
| [THE STATE]: | Judge, I—I would argue that, at this moment, the Defendant stands convicted of this offense and is not entitled to a bond. |
| . . . . | |
| [Discussion off the record.] | |
| . . . . | |
| [DEFENSE [COUNSEL]: | . . . Certainly, it would appear on the face of things that there was a guilty verdict, and it was proper. But I think we know, as a matter of fact— |
| THE COURT: | You don't. I do. |
| [DEFENSE COUNSEL]: | Well, and—and that's— |
| THE COURT: | I know what I heard. |
| [DEFENSE COUNSEL]: | And that's more important than what—what Counsel knows. It's what the Court knows. So as a matter of fact, we believe that the verdict is tainted, very well may not stand. Even though the word "G" is there, but it should be "TG," tainted guilty. And we don't think that it's a good, solid, just verdict under the law, based upon information that exists. |
| THE COURT: | Okay. Well, this is what I'm going to do: I'm going to go ahead and set your case for a hearing. And, as I do in all of these cases, we're gonna allow the bond—for him to be out on bond. I mean, that's what we normally do— |
| [DEFENSE COUNSEL]: | Yes, ma'am. |
| THE COURT: | —before sentencing. However, I don't think it's appropriate for me to be the one deciding. I don't know. Do y'all have a problem with me deciding? I mean, because I'm the one that heard what they said. |
| . . . . | |

the trial judge stated in part, "Based on what I heard the presiding juror tell me, I'm sua sponte granting a new trial."

Subsequently, the trial court signed an order in which it stated, "The Court is sua sponte of the opinion that a new trial should be, and is hereby, GRANTED." (emphasis original). This appeal timely ensued.

## II. TRIAL COURT'S ORDER GRANTING NEW TRIAL

### A. Standard of Review and Applicable Law

A trial judge's decision to grant a motion for new trial is reviewed for an abuse of discretion. *See, e.g., State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013). The test for abuse of discretion "is a question of whether the trial court acted without reference to any guiding rules or principles." *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007) (quoting *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005)).

Rule 21 of the Texas Rules of Appellate Procedure governs new trials in criminal cases. TEX. R. APP. P. 21; *see Zalman*, 400 S.W.3d at 593. "New trial" means "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict

---

| | |
|---|---|
| [THE STATE]: | Exactly, Judge. Judge, I think the issue is that you and the—the sheriff are actually the witnesses— |
| THE COURT: | Right. |
| [THE STATE]: | —to what would be the motion for new trial anyway. |
| [DEFENSE COUNSEL]: | And, Judge, along that same line, I think that my client may be able to serve with other counsel handling the motion for new trial issue. I look at that as kind of an appellate nature. I think he needs somebody that's better equipped to serve him on a motion for new trial. |
| [THE STATE]: | And I would just say, Judge, in terms of the bond, because you are actually a witness to the motion for new trial and won't be the one ruling on the actual motion, we can't foresee what another judge may do in terms of that motion. |
| THE COURT: | Okay. Well, okay. You know what? |
| [THE STATE]: | Whether or not they're gonna grant it or not, but we still have a guilty verdict. |
| THE COURT: | You know what? I'm changing my mind. I'm changing my mind. I'm going to sua sponte based on what I heard the—it's just a mess. Based on what I heard the presiding juror tell me, I'm sua sponte granting a new trial. Okay. We're done. |

–5–

of guilt." TEX. R. APP. P. 21.1. "The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4. A defendant's right to file a motion for a new trial "emanates exclusively" from the rules of appellate procedure and those rules "must be strictly complied with when seeking the remedy." *Oldham v. State*, 977 S.W.2d 354, 361 (Tex. Crim. App. 1998).

Grounds upon which the defendant must be granted a new trial include, among others, (1) when the verdict has been decide by lot or in any manner other than a fair expression of the jurors' opinion and (2) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial. TEX. R. APP. P. 21.3. Additionally, a new trial may be granted "in the interest of justice." *See Zalman*, 400 S.W.3d at 593. "The granting of a motion for new trial must be accomplished by written order." TEX. R. APP. P. 21.8(b). "Granting a new trial restores the case to its position before the former trial." TEX. R. APP. P. 21.9(b).

A trial court lacks authority to order a new trial "sua sponte" or "on its own motion." *Zaragosa v. State*, 588 S.W.2d 322, 326–27 (Tex. Crim. App. 1979); *Dunn v. State*, 176 S.W.3d 880, 885 (Tex. App.—Fort Worth 2005, no pet.); *see also State v. Aguilera*, 165 S.W.3d 695, 698 n.9 (Tex. Crim. App. 2005) (citing *Zaragosa*, 588 S.W.2d at 322)). The granting of a new trial on the trial court's own motion is a "void act." *Johnson v. State*, 894 S.W.2d 529, 534 (Tex. App.—Austin 1995, no pet.) (citing *Perkins v. Court of Appeals*, 738 S.W.2d 276, 280 (Tex. Crim. App. 1987)); *Wright v. State*, 158 S.W.3d 590, 595 (Tex. App.—San Antonio 2005, pet. ref'd); *In re Davis*, 990 S.W.2d 455, 458 (Tex. App.—Waco 1999, orig. proceeding). A "void" judgment is "a nullity from the beginning" and "does not affect, impair, or create legal rights." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001); *see Zaragosa*, 588 S.W.2d at 327 (concluding trial court's "lack of authority to order a new trial sua sponte" made defendant's subsequent trial a nullity). "When a trial court improperly grants a motion for new trial sua

sponte the cause shall be returned to the trial court to proceed as if it had not granted the new trial." *Harris v. State*, 958 S.W.2d 292, 293 (Tex. App.—Fort Worth 1997, pet. ref'd).

## *B. Analysis*

The State contends in part (1) the trial court "reversibly erred and abused its discretion by granting appellee a new trial sua sponte" and (2) such act was "void."

Appellee responds that the trial court did not err by granting him a new trial. According to appellee, "[b]y its nature a motion for new trial was heard in this case" and "was properly granted." Appellee asserts in part

> This case landed in an unusual procedural posture. Immediately after a guilty verdict was returned, the Trial Court learned from the jurors themselves that it had not been unanimous. Rather than begin a punishment hearing based on an unconstitutional verdict the Trial Court convened a hearing on the proper remedy. The hearing became a hearing on whether granting a new trial would be the proper remedy. Eventually, the Trial Court decided the proper remedy would indeed be the granting of a new trial. She was correct and committed no error in so doing.
> . . . .
> In admittedly a highly difficult situation, the Trial Court in the interest of justice, utilized the tools of Rule 21 and made the proper ruling. In the alternative if error is shown in this case it is clearly harmless.

In support of his argument, appellee cites rules 21.1 and 21.3.

Appellee does not assert, and the record does not show, that a motion for new trial was filed by him in this case. *See* TEX. R. APP. P. 21.4. Appellee's counsel orally asserted a motion for new trial, but made clear that he needed "more time to research it" and was not prepared to proceed with argument on the motion. *See id.*; *Oldham*, 977 S.W.2d at 361. The record shows the trial court (1) stated "[b]ased on what I heard the presiding juror tell me, I'm sua sponte granting a new trial" and (2) signed an order in which it stated, "The Court is sua sponte of the opinion that a new trial should be, and is hereby, GRANTED." (emphasis original). Further, to the extent appellee's argument on appeal can be construed to assert that a trial court can grant a new trial sua sponte "in the interest of justice," the case law states otherwise. *See Aguilera*, 165

–7–

S.W.3d at 698 n.9 ("We observe that a trial court has discretion to grant a motion for new trial in the interest of justice even though that basis is not specifically enumerated in the rules of appellate procedure. However, a trial court does not have authority to grant a new trial on its own motion; there must be a timely motion for such by the defendant." (citations omitted)).

On this record, we conclude the trial court abused its discretion by granting a new trial sua sponte. *See Zaragosa*, 588 S.W.2d at 327; *Dunn*, 176 S.W.3d at 885; *see also Herndon*, 215 S.W.3d at 907. Further, we conclude the trial court's granting of a new trial in this case was a "void act."[3] *See Perkins*, 738 S.W.2d at 280; *Johnson*, 894 S.W.2d at 534; *Wright*, 158 S.W.3d at 595; *In re Davis*, 990 S.W.2d at 458; *see also Zaragosa*, 588 S.W.2d at 327 (concluding trial court's "lack of authority to order a new trial sua sponte" made defendant's subsequent trial a nullity).

We decide in favor of the State on its issue.[4]

---

[3] As described above, a "void" judgment is "a nullity from the beginning" and "does not affect, impair, or create legal rights." *Ex parte Seidel*, 39 S.W.3d at 225. Therefore, we need not reach appellee's argument that the complained of error in this case was "harmless." *See* TEX. R. APP. P. 47.1.

[4] Additionally, the State asserts in its brief on appeal that because no motion for new trial was filed in this case, "the trial court's jurisdiction relative to the granting of any new trial was never properly invoked." The State contends that because the trial court lacked "new-trial-related subject matter jurisdiction," its act of granting a new trial was "void." In light of our conclusions above, we need not reach that argument. *See* TEX. R. APP. P. 47.1. Lack of jurisdiction is not the only defect that can render a judgment "void." *See Ex parte Seidel*, 39 S.W.3d at 224. A judgment can be rendered void as a result of certain non-jurisdictional errors respecting "lack of *authority* to act in a particular manner." *Id.* (emphasis original). We concluded above that the trial court's granting of a new trial sua sponte in this case constituted a "void" act. Therefore, the possible existence of additional independent grounds upon which the order in question might potentially be void does not impact the outcome of this case.

### III. CONCLUSION

We conclude the trial court abused its discretion by granting appellee a new trial sua sponte. Accordingly, we decide the State's issue in its favor. We vacate the trial court's order granting a new trial, reinstate the jury's guilty verdict, and remand this case to the trial court for further proceedings consistent with this opinion.

/Douglas Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
121297F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-12-01297-CR     V.

LINO MORALES, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-39956.
Opinion delivered by Justice Lang. Justices Moseley and Richter participating.

Based on the Court's opinion of this date, we **VACATE** the trial court's order granting a new trial, **REINSTATE** the jury's guilty verdict, and **REMAND** this case to the trial court for further proceedings consistent with the opinion.

Judgment entered this 17th day of October, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE